Jack D. COLLINS and Dorothy E. Collins, Plaintiffs Below, Appellants,

v.

WILMINGTON MEDICAL CENTER, IN-CORPORATED and George N. Eriksen, Jr., M. D., Defendants Below, Appellees.

Supreme Court of Delaware.

April 9, 1974.

C. Waggaman Berl, Jr., Wilmington, for plaintiffs below, appellants.

Rodney M. Layton and Jane R. Roth, of Richards, Layton & Finger, Wilmington, for Wilmington Medical Center, Inc., defendant below, appellee.

Victor F. Battaglia and Gary W. Aber, of Biggs & Battaglia, Wilmington, for George N. Eriksen, Jr., M. D., defendant below, appellee.

CAREY and DUFFY, Associate Justices, and BROWN, Vice Chancellor, sitting.

DUFFY, Justice:

In this medical malpractice action the Superior Court granted a motion for summary judgment because the complaint was

not filed within the period of limitation fixed by 10 Del.C. § 8118.[1] Reference is made to the opinion of the Court below, 311 A.2d 885 (1973), for a full statement of pertinent facts.

Under the statute and settled Delaware law, an action on a claim for personal injuries may not be brought after the expiration of two years from the date on which it is claimed that the alleged injuries were "sustained". In Layton v. Allen, Del. Supr., 246 A.2d 794 (1968), this Court held that when an inherently unknowable injury has been suffered by one who is blamelessly ignorant of the act (and the injury) and the harmful effect thereof develops gradually over a period of time, the injury is sustained when the harmful effect first manifests itself and becomes physically ascertainable. We agree with the Superior Court's conclusion that when the Layton rule is applied it is apparent that the statute had run in the present case before the complaint was filed.

■ It is undisputed that: plaintiff experienced intense pain, a sympathectomy was performed on November 1, 1970 to relieve the pain, the pain persisted, the attending doctor, George N. Eriksen (defendant), was unable to provide relief or effective medical assistance, he referred plaintiff to a neurosurgeon who saw her on December 9, 1970. Plaintiff did not thereafter consult with Dr. Eriksen. The complaint was filed on December 18, 1972.

Prior to December 9, 1970 plaintiff knew that defendant could not provide relief for her pain and, indeed, that was the very reason why he referred her to the neurosurgeon. Given the pain she was experiencing and her doctor's inability to provide relief, plaintiff did not have the inherently unknowable injury found in Layton. On the contrary, by December 9, 1970 if not prior thereto, plaintiff was on notice that something was wrong. And, under Layton, the limitation period commenced to run at least by that time.

■ We agree with the view of the Trial Court that commencement of the running of the statute does not depend on when a diagnosis is made or a "cure" effected. If it did the statute would never start in some cases. The statute starts, rather, when a harmful effect first manifests itself and becomes physically ascertainable. In short, manifestation of the problem, not its cure, is the test under Layton.

■ Plaintiff argues also that the statute did not begin to run until termination of the doctor-patient relationship and that she continued to be Dr. Eriksen's patient after December 9, 1970. Assuming without deciding that the statute of limitation does not begin to run until termination of a doctor-patient relationship, cf. 61 Am. Jur.2d, Physicians, Surgeons, § 185, we agree with the conclusion of the Superior Court that such relationship ended at least by December 9, 1970.[2]

Affirmed.

---

1. 10 Del.C. § 8118 provides:
"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; . . . ."

2. Some reports were sent to Dr. Eriksen after that date but, standing alone, they do not establish continuance of the doctor-patient relationship. After plaintiff first saw the neurosurgeon she had no further contact with defendant.