Lenise HAMILTON, Plaintiff,

v.

C. Patricia TURNER, M.D., and Delaware League for Planned Parenthood, Inc., a Delaware Corporation, and A. H. Robins Company, a Foreign Corporation, Defendants.

Civ. A. No. 795.

Superior Court of Delaware, New Castle.

Submitted June 9, 1977.

Decided July 7, 1977.

Revised July 29, 1977.

C. Waggaman Berl, Wilmington, for plaintiff.

Rodney M. Layton, and William J. Wade, of Richards, Layton & Finger, Wilmington, for defendant A. H. Robins Co.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington, for defendant C. Patricia Turner, M.D.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for Delaware League for Planned Parenthood, Inc. and defendant C. Patricia Turner, M.D.

TAYLOR, Judge.

The issue here is whether the statute of limitations ran before plaintiff filed this action. The action was filed August 16, 1973. The action involves a physical condition suffered by plaintiff which, it is contended by plaintiff, is attributable to an intra-uterine device which was inserted in plaintiff's body on July 21, 1971. Plaintiff first experienced pain during the first week of August, 1971. The pain was sharp and plaintiff felt that it originated in the area

where the device had been inserted. When the pain continued, on August 16, 1971 she went to the clinic of the Delaware League For Planned Parenthood, Inc. She was examined by defendant Dr. Turner who advised plaintiff that she could find nothing wrong except a local infection for which she gave medication. According to plaintiff, she continued to have bad pains in her stomach and she returned to the clinic and was informed that the device was still in place and that her infection had cleared up. On June 28, 1972 she was again examined at the clinic by Dr. Turner, who found no inflammatory disease or tenderness, but recommended gynecological care for her.

## I—TORT ACTION

■ Defendant contends that this action is barred by the two-year statute of limitations in 10 Del.C. § 8119. Accepting for purposes of this discussion, the contention that the two-year statute of limitations is applicable, the Court must consider whether the statute of limitations two-year period commenced to run prior to August 16, 1971. The holdings of the Delaware Supreme Court in *Layton v. Allen*, Del.Supr., 246 A.2d 794 (1968), and *Collins v. Wilmington Medical Center*, Del.Supr., 319 A.2d 107 (1974), establish the applicable legal standards.

*Layton* holds that the critical time for the commencement of the statutory period is "when the harmful effect first manifests itself and becomes physically ascertainable." Elaborating upon this language, *Layton* states (246 A.2d at page 798):

"Translated in the terms of this case, we hold that the limitations period commenced to run when the plaintiff first experienced pain caused by the unknown foreign object."

This language indicates that there must be both a physical manifestation of the injury and a likely causal relationship between the physical manifestation and defendant.

The Supreme Court in *Collins* restated the *Layton* holding as meaning "the injury is sustained when the harmful effect first manifests itself and becomes physically as-

certainable." Here again is the recognition that harmful effect must be physically ascertainable and that it must relate to the injury.

Since these are factors which determine whether and when plaintiff was "blamelessly ignorant," they must be determined in the light of what was or reasonably should have been known by plaintiff at that time.

There is no question that in early August, 1971 plaintiff had a recurrence of discomfort in the pelvic area. However, she had previously been informed by the doctor who inserted the device that the initial discomfort would disappear within a few days. She had not been informed of the likelihood that the discomfort from the device would return. Within at most two weeks after the discomfort returned she went to a recognized clinic which specializes in this field and which had professional medical staff. She was examined there and informed that the discomfort was caused by a local infection.

Clearly, an untrained person could not be held to have known that the discomfort in an internal area was caused by the device or that it could be expected to lead to the results which followed. The mere existence of pain or disability unaccompanied by a reasonable basis to believe that the condition is traceable to defendant does not remove a plaintiff from the status of blameless ignorance.

The question of whether she should reasonably have known that harm relating to defendant's device had occurred must be answered by the reasonableness of her action and her reliance on professional advice. She sought professional help. She was advised by the doctor that the condition was caused by infection. The professional advice did not implicate the device. Moreover, the advice was that with local treatment the condition should disappear. Any layman's suspicions which she had were put at rest by the professional advice. Actually, there does not appear to be a professional opinion that discoverable physical harm or injury to her body had been caused by

the device at that time. I conclude that viewed in this factual setting, plaintiff did not know and cannot be held to have reasonably been required to know that the device had caused harm or was causing harm to her body at a time more than two years prior to commencement of this suit. It is true that plaintiff did not immediately seek professional assistance when she felt pain in early August, 1971. However, when she did seek it,[1] approximately two weeks later, she did not learn that an injurious condition relating to the device existed and it does not appear that the result would have been different if she had seen the doctor as soon as the pain appeared. Under the test of *Layton* and *Collins*, the two-year statute of limitations does not bar this suit.

## II—CONTRACT ACTION

■ Robins is also being sued as the supplier of a product for breach of implied warranties. The period of limitation under 6 Del.C. § 2–725 is four years. This suit was brought a little more than two years after the product was first used.

On two occasions prior to this, this Court has been called on to choose between the two-year statute of limitations in 10 Del.C. § 8119 and the four-year statute of limitations found in 6 Del.C. § 2–725, where personal injury claimed to be attributable to a defective product was involved. *Clute v. Zimmer U. S. A., Inc.*, C.A. 37, 1975, Letter Opinion, Balick, J., November 21, 1975; *Bush v. Chesapeake Ford Truck Sales, Inc.*, C.A. 1220, 1975, Letter Opinion, O'Hara, J., March 19, 1976. The holding is that a tort claim is governed by 10 Del.C. § 8119 and a breach of contract claim is governed by 6 Del.C. § 2–725.

Defendant here seeks further review of this issue on the basis that the earlier decisions did not consider the sequence of adoption of the two provisions. Defendant contends that 10 Del.C. § 8119 as it presently appears was enacted subsequent to 6 Del.C. § 2–725. Hence, according to defendant, it should control.

While it is correct that 10 Del.C. § 8119 (then designated § 8118) was amended in 1970 by Chapter 568, Volume 57, Delaware Laws, the only change was to make a specific exception for a new section (then designated § 8126, now § 8127) which added a special statute of limitations relating to construction and land improvements. The section as it existed theretofore was not reworded, modified or repealed or re-enacted by the amendment.

The fundamental problem is that the two statutes represent divergent standards. 10 Del.C. § 8119 relates to the nature of the harm suffered. 6 Del.C. § 2–275 relates to the cause of the harm. There is nothing to indicate that at the time of adoption of either section its possible effect upon or relationship to the other section was considered. I do not find a basis for this Court to make a further analysis of the relative effect of the two statutes of limitations.

The motion of A. H. Robins Company for summary judgment is denied.

IT IS SO ORDERED.

---

1. Suit was filed within two years from that date.