John M. **LEVINSON, M. D.,**
**Defendant-Appellant,**

v.

**Patricia A. CONLON, Plaintiff-Appellee.**

**A. H. ROBINS COMPANY, a Foreign Corporation, et al.,**
**Defendants-Appellants,**

v.

**Lenise HAMILTON, Plaintiff-Appellee.**

Supreme Court of Delaware.

Submitted Jan. 11, 1978.

Decided April 4, 1978.

Victor F. Battaglia and Mary Pat Trostle, of Biggs & Battaglia, Wilmington, for defendant-appellant Levinson.

William J. Wade, of Richards, Layton & Finger, Wilmington, for defendant-appellant A. H. Robins Co.

C. Waggaman Berl, Jr., Wilmington, for plaintiffs-appellees Patricia A. Conlon and Lenise Hamilton.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

DUFFY, Justice.

These are medical malpractice cases in which the Superior Court denied defendants' respective summary judgment motions. Separate appeals were then taken and, because each defendant relied on the two-year statute of limitations, 10 *Del.C.* § 8119,[1] as a bar to litigation, the appeals were consolidated. Plaintiffs have moved to dismiss the appeals on the ground that non-appealable interlocutory orders are involved.

I

A full statement of the facts in the *Hamilton* case appears in the Superior Court opinion, *sub nom. Hamilton v. Turner*, Del. Super., 377 A.2d 363 (1977), to which reference is made. For present purposes, we need note only that plaintiff complains of an injury allegedly attributable to an intrauterine device placed in her body.[2] Her

---

1. 10 *Del.C.* § 8119 reads in pertinent part:

    "No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; . . . ."

2. The facts in *Levinson v. Conlon* differ from those in *Hamilton* inasmuch as the former concerns the failure to discover breast cancer, but the factual pattern of each is similar: in *Conlon* the allegations are that a lump in plaintiff's breast was physically ascertainable in 1969, defendant failed to diagnose its cancerous nature, and plaintiff was not aware that the lump

action against the defendant doctor is based on negligence, while the claim against defendant supplier of medical devices is based on breach of warranty.

The alleged act of malpractice was performed more than two years before suit was filed, and the questions presented by the motion for summary judgment were these: (1) did the statute of limitations period in § 8119 commence to run more than two years prior to the date on which the complaint was filed and, (2) as to the breach of warranty claim, is the applicable statute of limitations the two-year period of § 8119 or the four-year period of 6 *Del.C.* § 2–725.[3]

In denying summary judgment on the basis of § 8119 and the holdings of this Court in *Collins v. Wilmington Medical Center*, Del.Supr., 319 A.2d 107 (1974), and *Layton v. Allen*, Del.Supr., 246 A.2d 794 (1968), the Superior Court stated:

> *Layton* holds that the critical time for the commencement of the statutory period is 'when the harmful effect first manifests itself and becomes physically ascertainable.' . . . [This] language indicates that there must be both a physical manifestation of the injury and a likely causal relationship between the physical manifestation and defendant."

377 *A.2d* at 364. The Court then determined that the limitations period did not bar the action because plaintiff, as an "untrained person[,] could not be held to have known" the cause of her discomfort since "[t]he mere existence of pain or disability unaccompanied by a reasonable basis to believe that the condition is traceable to de-

fendant does not remove a plaintiff from a status of blameless ignorance."[4] The Court declined to review the relative effect of 6 *Del.C.* § 2–725 on 10 *Del.C.* § 8119.

II

■ Under Article IV, Section 11(1)(a) of the Delaware Constitution, this Court has jurisdiction "to determine finally all matters of appeal in the interlocutory . . . judgments" of the Superior Court in civil cases. However, an interlocutory order is not appealable unless:

> "There has been the determination of a substantial issue and the establishment of a legal right." *Gardinier, Inc. v. Cities Service Co.*, Del.Supr., 349 A.2d 744 (1975) and cases cited therein.

We have previously emphasized that the rule is stated in the conjunctive, *Wife M v. Husband M*, Del.Supr., 346 A.2d 521, 522 (1975), and thus both elements must be shown in order to establish jurisdiction.

Defendants argue that the order is appealable, contending that a substantial issue has been determined (applicability of the statute of limitations) and that a legal right has been established (denial of the motion compels defendants to proceed to trial). While plaintiff concedes that the first prong of the rule has been satisfied, she disagrees as to the second.

■ The question thus submitted is whether the denial of a summary judgment motion, which asserts a statute of limitations defense, constitutes the "establishment of a legal right" between the parties for the purpose of appealing an interlocuto-

---

was caused by a cancerous growth until it was diagnosed as such by a second doctor in 1974, resulting in a modified radical mastectomy. The decision in *Conlon*, which is unreported, relied on the *Hamilton* opinion. We discuss the issues in terms of *Hamilton* but the ruling governs both cases.

**3.** 6 *Del.C.* § 2–725(1) reads:

"An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitations to not less than one year but may not extend it."

**4.** In *Conlon*, the Superior Court held that:

". . . it is not clear that plaintiff was charged with notice that the lump was, or could eventually be, cancerous, *i. e.*, that she had suffered injury. Such lack of awareness of the harmful condition, coupled with her reliance upon defendant's assurances that the lump was not cancerous, prevent this Court from holding that the limitation period began to run when the lump was discovered. See *Hamilton v. Turner*, Del.Super., C.A. 795, 1973."

ry order. We conclude that it does not and, for that reason, the motion to dismiss the appeal will be granted.

The Delaware ruling for testing the appealability of an interlocutory order, as announced in *Gardinier* and in prior cases running back at least to *Sterling Drug, Inc. v. City Bank Farmers Trust Co.*, Del.Supr., 154 A.2d 156 (1959), is settled. But, as the decided cases—and those which continue to come up—also show, that rule is often difficult to apply. Some aspects of the rule, are of course, more settled than others. Thus, for example, "[g]enerally speaking, appeals from the rulings on discovery fall within [the] proscription" against "a too-liberal rule regarding appellate review of interlocutory orders." *Lummus Company v. Air Products and Chemicals, Inc.*, 243 A.2d 718, 719 (1968); *Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, Del.Supr., 261 A.2d 520 (1969). As those cases indicate, interlocutory appeals have a useful purpose, but the proscription is intended to minimize two highly undesirable problems inherent in them: the fragmentation of a case and a delay in its final disposition.

We conclude that an appeal from a ruling on the pleadings generally falls within the same kind of prohibition, and we therefore adopt the same rationale and approach for such an appeal as we have applied to an appeal from a ruling on discovery. We hold, speaking generally, that an order directed to the pleadings falls within the class of interlocutory orders which are unappealable because it does not establish a legal right between the parties. This is not to say, however, that every ruling on a pleading is unappealable. It is conceivable that certain of such rulings will so substantively affect the merits of a case or change the status of the parties that they will be appealable. But that is not the situation presented by the instant appeals.

Here, it appears that defendants raised an affirmative defense under Superior Court Rule 8(c) which required the Trial Court to rule on the pleadings. The Court looked at the record, applied the *Layton* and *Collins* tests and concluded that the two-year statute of limitations does not bar the suit. For appeal purposes, that ruling did not establish a legal right between the parties. Rather, the Court determined that an affirmative defense was not available, and the consequence of the decision was that the parties must proceed to trial, a ruling which our cases have held is not the basis for an interlocutory appeal. See, e. g., *Brunswick Corporation v. Bowl-Mor Company, Inc.*, Del.Supr., 297 A.2d 67 (1972); *Hoofe v. Keane Corp.*, Del.Supr., 269 A.2d 276 (1971); *Cross v. Hair*, Del.Supr., 258 A.2d 277 (1969). Indeed, the rights of the parties as they go to trial remain unchanged. Therefore, the appeal must be dismissed.

Defendants rely especially upon *Laventhol, Krekstein, Horwath and Horwath v. Tuckman*, Del.Supr., 372 A.2d 168 (1976), in which an appeal was permitted from an order refusing the benefit of a statute of limitations to certified public accountants who allegedly conspired with corporate fiduciaries to defraud stockholders. The result of the ruling was to bind the accountants to essentially the same standards as the fiduciaries and thus more than a ruling on the pleadings was involved.

The motion to dismiss the appeal is granted.