David COFFIN, Appellant,

v.

DEPARTMENT OF NATURAL RE-
SOURCES AND ENVIRONMEN-
TAL CONTROL, Appellee.

Supreme Court of Delaware.

Submitted May 16, 1978.

Decided July 20, 1978.

Lawrence B. Steele, III, Georgetown, for appellant.

June D. MacArtor, Deputy Atty. Gen., Dover, for appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In these consolidated appeals, we have the questions (1) whether a party may file a cross-appeal more than 30 days after a decision of the State Personnel Commission;

and (2) whether the Commission has the power to modify the action of an appointing authority demoting an employee.

## I.

Both appeals arise from the same events: In June, the Department of Natural Resources and Environment Control ("Department") demoted the appellant David Coffin 'from the position of Park Superintendent of the Trap Pond State Park to the position of Labor Foreman III, based on findings that Coffin had engaged in offensive touching; participated in a high speed chase off park land; falsified records; and used his position for personal advantage. Coffin thereupon filed an administrative appeal to the State Personnel Commission ("Commission"). After hearings in August, the Commission dismissed as unsubstantiated the charges of falsifying records and using position for personal advantage, but upheld the findings of the Department as to the other two charges. However, while finding that either of the two remaining charges were severe enough, theoretically, to support dismissal, the Commission ordered a less severe demotion on the ground of mitigating circumstances.

Twenty-eight days later, Coffin appealed the sustained charges to the Superior Court. Twenty-eight days after that, the Department filed a cross-appeal as to the two charges found to be unsubstantiated. Coffin moved to dismiss the cross-appeal, contending that it was barred by the thirty day limit for appeals under 29 *Del.C.* § 5949(b),[1] but the Superior Court held the Statute not controlling and permitted the cross-appeal. Coffin appealed that ruling to this Court (No. 157, 1977) and, upon filing of the opening brief, the Department moved to dismiss.

In a separate appeal to the Superior Court, the Department contended that the Commission had no power to modify the discipline which it had imposed on Coffin. The Superior Court agreed with the Department and reversed the Commission's modification of the punishment. Coffin has also appealed that decision of the Superior Court (No. 167, 1977).

## II.

■ We consider first the appeal from the Superior Court's ruling that the Department's cross-appeal was timely.[2]

Coffin contends that, because the cross-appeal was filed more than thirty days after the Commission's ruling, the Superior Court erred in not ruling that it was barred by 29 *Del.C.* § 5949(b).[3]

■ Concededly, the Department's cross-appeal was not filed within a 30 day period. However, this does not constitute a time bar because it is manifest that the word "appeal" in § 5949(b) may not be construed to encompass "cross-appeal". If a § 5949(b) "appeal" were held to include a "cross-appeal", the prevailing party would have to file a "cross-appeal" in anticipation of a

---

1. 29 *Del.C.* § 5949(b) provides, in part:
   ". . . All appeals to the Superior Court shall be by the filing of a notice of appeal with the Court within 30 days of the employee being notified of the final action of the Commission."

2. The Department moved to dismiss this appeal on the grounds that the Superior Court decision was an unappealable interlocutory order and within the sound discretion of the Court. We must deny the motion: the decision determined jurisdiction and was merely an act of discretion of the Court; and although an interlocutory order, it is appealable because it clearly determined a substantial issue and established a legal right. *Levinson v. Conlon*, Del. Supr., 385 A.2d 717 (1978).

3. 29 *Del.C.* § 5949(b) provides:

"(b) If the Commission upholds the decision of the appointing authority, the employee shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The burden of proof of any such appeal to the Commission or Superior Court is on the employee. If the Commission finds against the appointing authority, the appointing authority shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The burden of proof of any such appeal to the Superior Court is on the appointing authority. All appeals to the Superior Court shall be by the filing of a notice of appeal with the Court within 30 days of the employee being notified of the final action of the Commission."

dissatisfied party's appeal or risk having the cross-appeal effectively barred by the dissatisfied party's filing of the appeal on the 30th day. We find no reasonable judicial or administrative purpose served by such construction.

Further support for this conclusion is found in 10 *Del.C.* § 149,[4] regarding appeals to the Supreme Court in civil cases. That Statute distinguishes cross-appeals from original appeals and provides an additional 15 days, if necessary, for filing of the former. See also Supreme Court Rule 6.[5]

We construe § 5949(b) to harmonize with § 149 and Rule 6. There was no error as to the Superior Court's disposition of the cross-appeal.

### III.

■ Coffin appeals the Superior Court's decision that the Commission was not empowered to modify his demotion by the Department. Coffin contends that the Superior Court erred in disregarding the controlling case of *Ford v. Division of Highways of the Department of Highways and Transportation,* Del.Super., 8/20/75, aff'd, Del.Supr., 365 A.2d 136 (1976), which held that the Commission may review and modify the penalty given by the appointing authority.

We disagree. Merit Rule 21.0240, which is binding on the Commission, provides in pertinent part:

" . . . Except in cases of dismissal, demotion, and suspension, the commission shall have the power to determine the nature of the specific relief to be granted."

Thus, it is manifest that the Commission does not have the power to determine or modify the penalty in the instant case, i. e., a demotion.

■ Coffin argues, however, that Merit Rule 21.0240 is of no force and effect because it existed before *Ford,* was not mentioned in that decision and, therefore, was somehow nullified by *Ford.* Additionally, Coffin asserts that because the Merit Rule was not raised before the Commission, it cannot be raised on appeal for the first time.

This analysis of the status of the Merit Rule is wholly untenable. A Merit Rule is not abrogated merely because, in a prior case, counsel may have failed to argue it and the Court did not address it. Nor did the Department, in the instant case, waive the application of the Merit Rule by not raising it before the Commission; it was not in issue at that time.

It follows that the Superior Court did not err in reversing the modification of Coffin's demotion ordered by the Commission.

\* \* \* \* \* \*

Both decisions on appeal are, therefore, affirmed.

---

**4.** 10 *Del.C.* § 149 provides:

"In any civil action where a timely notice of appeal to the Supreme Court is filed by a party, any other party may file a notice of appeal within 15 days of the date on which the first notice of appeal was filed or within the time otherwise prescribed by this title, whichever expires last."

**5.** Rule 6 provides:

"Time For Taking Appeals And Cross-Appeals

"A notice of appeal shall be filed in the office of the Clerk of this Court within 30 days after entry of the judgment or order from which the appeal is taken. In any civil action in which a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 15 days after the date on which the first notice of appeal was filed, or within 30 days after entry of the judgment or order from which the appeal is taken, whichever is later."