# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE STATE OF DELAWARE, )
)
)
Plaintiff )
) C.A. No. N18C-01-144 RRC
v. )
)
CINDY GONZALEZ, )
)
Defendant. )

Submitted: August 2, 2018
Decided: August 6, 2018

On Defendant's Application for Certification of Interlocutory Appeal.
**GRANTED.**

# <u>ORDER</u>

Oliver J. Cleary, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for Plaintiff.

John S. Whitelaw, Esquire, Kate Sell, Esquire, Community Legal Aid Society, Inc., Wilmington, Delaware, Attorney for Defendants.

COOCH, R.J.

This 6th day of August 2018, upon consideration of Defendant's Application for Certification of Interlocutory Appeal, it appears to the Court that:

1. On January 12, 2018, the State of Delaware ("Plaintiff") filed a complaint against Cindy Gonzalez ("Defendant"). In the complaint, Plaintiff alleged that Defendant "fraudulently obtain[ed] government benefits in violation of Delaware common law and the Delaware False Claims and Reporting Acts, 6 *Del. C.* §§ 1201 *et. seq.* ("DFCRA").[1] On February 23, 2018, Defendant filed

---

[1] Pl.'s Compl. at 1.

1

her Answer to Plaintiff's Complaint and acknowledged all allegations against her; however, she asserted an affirmative defense of federal implied conflict-preemption and alleged that Plaintiff's claim is "precluded by the provisions of the Food Stamp Act, 7 U.S.C. § 2011 et seq."[2] On March 1, 2018, Plaintiff filed a Motion for Judgment on the Pleadings. On July 9, 2018 a hearing on the Motion for Judgment on the Pleadings was held. On June 19, 2018, this Court granted the Plaintiff's Motion for Judgment on the Pleadings after finding no material issues of fact in dispute.[3] Pursuant to 10 *Del. C.* § 512 and Superior Court Rule 132, this Court referred this matter to a Commissioner of the Delaware Superior Court for "a hearing to determine the amount of all fees and/or costs owed by Defendant pursuant to 6 *Del. C.* § 1201(a)."[4] On July 27, 2018, Defendant filed the instant "Application to the Trial Court for Certification of Interlocutory Appeal."[5] On August 2, 2018, Plaintiff "[took] no position on this Application."[6]

2. Delaware Supreme Court Rule 42 sets out the criteria to be applied when a court is faced with certification and acceptance of interlocutory appeals. A party seeking certification and acceptance of an interlocutory appeal must adhere to the strict requirements set forth in 42(b). Specifically, the rule states:

> (b) Criteria to be applied in determining certification and acceptance of interlocutory appeals. —
>> **(i) No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.**
>> (ii) Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal.
>> (iii) Any application for interlocutory review shall contain a statement that the applicant and the applicant's counsel have determined in good faith that the application meets the criteria set forth in this paragraph. Consistent with

---

[2] Def.'s Answ. at 14; *see also* Pl.'s Mot. For J. on the Pleadings at 2-3.
[3] State v. Cindy Gonzalez, C.A. No. N18C-01-144 RRC at 5.
[4] *Id.* at 8.
[5] Def.'s Application for Certification of Interlocutory Appeal at 1.
[6] Pl.'s Letter, dated August 2, 2018, D.I. 15.

2

the principles set forth in subparagraph (ii) of this paragraph, in deciding whether to certify an interlocutory appeal, the trial court should consider whether:

**(A) The interlocutory order involves a question of law resolved for the first time in this State;**

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trial court;

**(G) Review of the interlocutory order may terminate the litigation; or**

(H) Review of the interlocutory order may serve considerations of justice.

After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal.[7]

3. The Supreme Court of Delaware will accept an interlocutory appeal if the party seeking such appeal adheres to the strict requirements set forth above.[8] "An aggrieved party can appeal to [the Delaware Supreme Court] only after a final judgment is entered by the trial court."[9] "A final judgment is generally defined as one which determines the merits of the controversy or the rights of the parties and leaves nothing for future determination or consideration."[10] "The purpose of not permitting appeals [until after a final judgment is rendered] is to prevent piecemeal litigation and to eliminate the delays which

---

[7] Supr. Ct. R. 42(b).

[8] See *Id.*

[9] *Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 579 (Del. 2002).

[10] *Showell Poultry, Inc. v. Delmarva Poultry Corp.*, 146 A.2d 794, 796 (Del. 1958).

might be occasioned by so many interlocutory or interim appeals."[11] The Delaware Supreme Court has stated that "courts should generally deny requests for certification of appeals on interlocutory orders 'directed to the pleadings' unless 'such rulings will be so substantively affect the merits a case or change the status of the parties[.]"[12] "The trial court should not certify the interlocutory appeal where courts have not settled an issue affecting the litigation with finality."[13] "The test is whether such judgment or decree determines the substantial merits of the controversy and the material issues litigated or necessarily involved in the litigation."[14]

4. In her Application for the Certification of an Interlocutory Appeal, Defendant states that [1] "[the trial court order meets the standard of review for certification of an interlocutory appeal]"[15] and that [2] "[the Court should certify this matter for an interlocutory appeal]"[16] because [2.1] "[t]he decision of the trial court involves a question of law resolved for the first time anywhere in the United States[,]"[17] [2.2] "[r]eview of the interlocutory order may terminate litigation"[18] and [2.3] "[r]eview of the interlocutory order will serve considerations of justice[.]"[19]

5. The threshold standard for an Application for Certification of Interlocutory Appeal under Rule 42 has been satisfied as the July 19, 2018 Memorandum Opinion determined the substantial merits of the controversy,[20] the finality of the July 19, 2018 Memorandum Opinion,[21] "the interlocutory order involves a question of law resolved for the first time in this State[,]"[22] and "[r]eview of the interlocutory order may terminate litigation[.]"[23]

---

[11] *Id.* at 795.

[12] *In re Novell, Inc. Shareholder Litigation, Pl.'s Mem. Of Law in Opp'n.,* 2013 WL 395362 (Del. Ch. Jan. 28, 2013) (quoting *Levinson v. Conlon,* 385 A.2d 717, 720 (Del. 1978)).

[13] *Id.*

[14] *Id.* at 796.

[15] Def.'s Application for Certification of Interlocutory Appeal at 4.

[16] *Id.*

[17] *Id.* at 5.

[18] *Id.*

[19] *Id.* at 6.

[20] Supr. Ct. Rule 42(b)(i); *see also In re Novell, Inc.,* 2013 WL 395362 at 13 (quoting *Levinson,* at 385 A.2d at 720 (Del. 1978)).

[21] *In re Novell, Inc.,* 2013 WL 395362 at 13 (quoting *Levinson,* at 385 A.2d at 720 (Del. 1978)).

[22] Supr. Ct. Rule 42(b)(iii)(A).

[23] Supr. Ct. Rule 42(b)(iii)(G).

6. The substantial merits of this controversy have been determined by this Court.[24] While damages have yet to be assessed by a Commissioner of this Court, pursuant to 10 *Del. C.* § 512 and Superior Court Rule 132, the Commissioner's assessment of damages and/or costs will not affect the final judgment this Court rendered on June 19, 2018.

7. This pre-emption claim involves an issue of apparent first impression in this State. Pursuant to Superior Court Rule 42(b)(iii)(A), this Court agrees that this matter "involves a question of law resolved for the first time in this State."[25]

8. This Court's July 19, 2018 Memorandum Opinion has "changed the status of the parties"[26] and "[r]eview of the interlocutory order may terminate litigation"[27] if the Delaware Supreme Court should reverse this Court's July 19, 2018 Memorandum Opinion.

9. Pursuant to Supreme Court Rule 42(b), this Court believes the likely benefits of interlocutory review outweigh the probable costs here. Although the Commissioner's task of assessing damages will be postponed until further review by the Delaware Supreme Court, any reversal of the July 19, 2018 Memorandum Opinion would eliminate the Commissioner's task and make such duty moot in this matter. Additionally, any reversal would "eliminate need for the lengthy process of calculating damages"[28] and eliminate the need to determine how many counts are truly at issue for purposes for damages. "The result in this case [may] lay the framework for future actions by the State in these cases." Notably, the Plaintiff has "no position on this Application."[29]

10. Accordingly, Defendant's Application for Certification of Interlocutory Appeal is **GRANTED**.

**IT IS SO ORDERED.**

_Richard R. Cooch_
Richard R. Cooch, J.

cc:    Prothonotary

---

[24] *In re Novell, Inc.,* 2013 WL 395362 at 13 (quoting *Levinson,* at 385 A.2d at 720 (Del. 1978)).
[25] Supr. Ct. R. 42(b)(iii)(A).
[26] *In re Novell, Inc.,* 2013 WL 395362 at 13 (quoting *Levinson,* at 385 A.2d at 720 (Del. 1978)).
[27] Supr. Ct. Rule 42(b)(iii)(G).
[28] Def.'s Application for Certification of Interlocutory Appeal at 6.
[29] Pl.'s Letter, dated August 2, 2018, D.I. 15.

5