# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MAGELLAN PIPELINE CO., L.P.,    )
                )
         Plaintiff,  )
    v.            )  **C.A. No. N25C-02-418 PRW**
                )           **CCLD**
SUNCOR ENERGY (U.S.A.) INC. and,  )
SUNCOR ENERGY INC.,      )
                )
        Defendants.  )

Submitted: March 19, 2026
Decided: March 30, 2026

*Upon Defendant Suncor Energy Inc.'s*
*Application for Certification of Interlocutory Appeal,*
**DENIED**.

## ORDER

Upon consideration of Defendant Suncor Energy Inc.'s application[1] under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court dated March 9, 2026, it appears to the Court that:

(1)  Defendant Suncor Energy Inc. ("Suncor Canada") is a Canadian entity and the parent company of Suncor Energy U.S.A. Inc. ("Suncor").[2]  Suncor Canada wholly owns Suncor and formed this subsidiary in 2003.[3]  Plaintiff Magellan

---

[1]  Suncor Energy Inc.'s Application for Certification of an Interlocutory Appeal (D.I. 54) [hereinafter the "Interlocutory Appeal App."].

[2]  Compl., ¶ 4. (D. I. 1).

[3]  Compl., ¶ 4. Given this application addresses a Rule 12(b)(2) decision, the following facts and history are drawn from Magellan's Complaint and other appropriate materials in the record. *See*

Pipeline Co., L.P. ("Magellan") is a Delaware limited partnership with its principal place of business in Tulsa, Oklahoma.[4]

(2) In 2015, Magellan and Suncor Canada executed a general Parent Guaranty that would cover, among other things, Suncor Canada and related entities' payment and performance in certain circumstances.[5] The Parent Guaranty doesn't specifically name the covered agreements between Magellan and Suncor.[6] Instead, it defines "Transactions" as "the transactions contemplated by tariffs, storage agreements, and other contracts . . . between [Magellan] and Company."[7] The Parent Guaranty provides that "Guarantor has entered into this Guaranty in order to induce [Magellan] to enter into Transactions with Company."[8] A Third Amendment to the Parent Guaranty added Suncor as a covered subsidiary, effective April 30, 2022.[9] New York law governs the Parent Guaranty.[10]

(3) In December 2023, Magellan and Suncor entered into multiple contracts

---

*Green America Recycling, LLC v. Clean Earth, Inc.*, 2021 WL 2211696, at *3 (Del. Super. Ct. June 1, 2021) (recognizing that in deciding a motion to dismiss for lack of personal jurisdiction the Court is not limited to the pleadings and can consider affidavits, briefs of the parties, and the record as a whole) (cleaned up).

[4] Compl., ¶ 2.

[5] Compl., ¶¶ 28–35.

[6] *See* Compl., Ex. C [hereinafter "Parent Guaranty"] (D.I. 1).

[7] Parent Guaranty § 1.

[8] *Id*. § 2.

[9] *Id*., Third Amendment, § 2 (adding Suncor to definition of "Company").

[10] Compl., ¶ 35.

including the Dupont Storage and Terminalling Agreement and an amendment to their Ethanol Storage Services Agreement.[11] Magellan brought claims related to those agreements but also sued Suncor Canada alleging breach of the amended 2015 Parent Guaranty.

(4) Suncor Canada moved to dismiss the breach-of-contract claim brought against it under Rule 12(b)(2) for lack of personal jurisdiction.[12] Suncor Canada argued that, even if the Court has a statutory basis to exercise personal jurisdiction, it would violate Suncor Canada's due process rights to subject it to Delaware's personal jurisdiction.[13] Suncor Canada states that it is a Canadian corporation with no litigation-related contacts whatsoever with Delaware.[14] It posits that merely owning a Delaware subsidiary and guaranteeing its payments is insufficient to establish minimum contacts.[15] Magellan responded that Suncor Canada purposefully availed itself of Delaware laws when it created a Delaware subsidiary.[16] Further, it asserted that Suncor Canada's obligations under the amended Parent

---

[11] Compl., Ex. A [the "Terminalling Agreement"] and Ex. B [the "Ethanol Agreement"] (D.I. 1).

[12] *See generally* Def. Suncor Energy Inc.'s Mot. to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) (D.I. 32).

[13] Def. Suncor Energy Inc.'s Op. Br. in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) at 5 (D.I. 32).

[14] *See id.* at 8–11.

[15] *See generally id.*

[16] Pl.'s Answering Br. in Opp'n to Def. Suncor Energy Inc.'s Mot. to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2) at 7 (D.I. 36).

Guaranty created the necessary minimum contacts with Delaware.[17]

(5)   After this Court refused to grant Suncor Canada's Rule 12(b)(2) motion,[18] Suncor Canada filed this application for certification of an interlocutory appeal.[19]  In Suncor Canada's view, certification is warranted because: (1) the Court's Opinion decides a substantial issue of material importance; and (2) multiple Supreme Court Rule 42 factors favor immediate appeal.[20]

(6)   Delaware Supreme Court Rule 42 governs interlocutory appeals from this Court's orders.[21]  Accordingly, the Court considers Suncor Canada's application under Rule 42's rigorous standards.[22]

(7)   Under Rule 42, when faced with a litigant's request for certification of an interlocutory appeal, the Court must:  (a) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits appellate

---

[17]   *Id.* at 8–12.

[18]   *Magellan Pipeline Co., L.P. v. Suncor Energy (U.S.A.) Inc.*, 2026 WL 766429, at *10 (Del. Super. Ct. Feb. 26, 2026); Memorandum Opinion and Order [hereinafter "Opinion"] (D.I. 50).

[19]   D.I. 54.

[20]   Interlocutory Appeal App. at 4.

[21]   *DiSabatino Bros., Inc. v. Wortman,* 453 A.2d 102, 103 (Del. 1982).

[22]   *See TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citation omitted) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")); *see also JB and Margaret Blaugrand Foundation v. Guggenheim Funds Investment Advisors, LLC*, 2023 WL 2562933, at *3 (Del. Ch. Mar. 17, 2023) ("[A] Rule 42 application cannot be certified unless it clears two 'rigorous' hurdles.").

review before a final judgment;"[23] (b) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[24] (c) consider the Court's own assessment of the most efficient and just schedule to resolve the case; and then, (d) identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[25] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[26] Applications for certification of an interlocutory appeal require the exercise of the

---

[23] Del. Supr. Ct. R. 42(b)(i).

[24] Those factors are:

(A) The interlocutory order involves a question of law resolved for the first time in this State;

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) The interlocutory order has vacated or opened a judgment of the trial court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

[25] Del. Supr. Ct. R. 42(b). Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii).

[26] Del. Supr. Ct. R. 42(b).

trial court's discretion and are granted only in extraordinary or exceptional circumstances.[27]

(8) The first consideration—whether the order seeking certification decides a substantial issue of material importance that merits appellate review before a final judgment—is a threshold finding without which certification is inappropriate.[28]  A substantial issue is usually understood as one that "decides a main question of law which relates to the merits of the case, and not to collateral matters."[29]  Put another way, the Court's determination must decide a legal right, "meaning an issue essential to the positions of the parties regarding the merits of the case."[30]

(9) The Delaware Supreme Court has granted interlocutory appeal of decisions "concerning the exercise of personal jurisdiction over non-resident *fiduciaries* of Delaware entities."[31]  But the parties neither stipulate nor allege that

---

[27] *In re Pure Res., Inc.*, 2002 WL 31357847, at *1 (Del. Ch. Oct. 9, 2002); *Mercury Pr's Mgmt., LLC v. Valo Health, Inc.*, 2024 WL 413784, at *3 (Del. Ch. Feb. 5, 2024) ("Applications for an interlocutory review are addressed to the sound discretion of th[e] Court and are accepted only in extraordinary circumstances.") (quotation omitted).

[28] *Invictus Special Situations Master I, L.P. v. Invictus Glob. Mgmt., LLC*, 2024 WL 5097929, at *3–4 (Del. Ch. Dec. 12, 2024).

[29] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008); *Invictus Special Situations Master I, L.P.*, 2024 WL 5097929, at *3 ("As commonly articulated, the substantial issue requirement is met when a decision speaks to the merits of the case.").

[30] *TowerHill Wealth Mgmt.*, 2008 WL 4615865, at *2 (citing *Sprint Nextel Corp.*, 2008 WL 2861717, at *1); *see Stewart v. Wilmington Tr. SP Svcs., Inc.*, 2015 WL 1898002, at *3 (Del. Ch. Apr. 27, 2015) ("[A] decision at the pleadings stage, which merely allows the case to proceed to trial, generally does not 'establish a legal right' between the parties." (citing *Levinson v. Conlon*, 385 A.2d 717, 720 (Del. 1978)).

[31] *In re Carvana Co. Stockholders Litig.*, 2022 WL 4661841, at *2 (Del. Ch. Oct. 3, 2022) (emphasis added); *see id.* (citing *Armstrong v. Pomerance*, 423 A.2d 174 (Del. 1980) as an

Suncor Canada is Suncor's fiduciary.

(10) What's more, "an exercise of personal jurisdiction does not affect the merits of [Magellan's] claims against [Suncor Canada]. Nor does it decide the underlying issues in the case."[32] Indeed, our "Supreme Court has recognized this by repeatedly holding that a denial of a motion to dismiss for lack of personal jurisdiction does not establish a legal right or determine a substantial issue."[33]

(11) Still, Suncor Canada insists that the first substantial-issue-of-material importance hurdle is cleared because the Delaware Supreme Court has not addressed its argument under this set of facts following the United States Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*.[34] Perhaps so. But the Court's pleading-stage personal jurisdiction analysis here was an application of lines of settled law to a specific set of facts analogous to those found in earlier cases. In turn, Suncor Canada's entreaty fails to meet Rule 42's threshold requirement[35] and the Court's analysis could end here.

---

example of this).

[32] *STI Grp. Holdco, LLC v. Anderson*, 2025 WL 3655165, at *3 (Del. Ch. Dec. 17, 2025) (cleaned up); *Aveta, Inc. v. Olivieri*, 2008 WL 4215973, at *1 (Del. Super. Ct. Sept. 10, 2008).

[33] *TowerHill Wealth Mgmt.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008); *see, e.g., STI Grp. Holdco*, 2026 WL 252617 (Del. Jan. 30, 2026); *Hitachi Koki Co., Ltd. v. Cardona*, 2019 WL 1716054, at *4–5 (Del. Apr. 16, 2019); *Curran Composites, Inc. v. Total Hldgs. USA, Inc.*, 2009 WL 4170395, at *1 (Del. Nov. 25, 2009).

[34] 582 U.S. 255 (2017).

[35] *See In re Carvana Co. S'holders Litig.*, 2022 WL 4661841, at *3 ("The mere application of long-held precedent to new facts does not make an order worthy of appeal.").

(12)   But an examination of the delineated Rule 42 factors further convinces the Court that certifying Suncor Canada's application would be inappropriate. Suncor Canada cites four factors under Rule 42(b)(iii) as weighing in favor of certification.[36]   The factors that Suncor Canada calls out— those found at Rule 42(b)(iii) (A), (B), (D), and (H)[37]—ultimately, do not on-balance favor certification. The Court takes each in turn.

(13)   <u>Factor (A)</u>.   Suncor Canada posits that the Opinion involves a question of law resolved for the first time in Delaware following *Bristol-Myers Squibb*.   Not so.   Although this case involves a parent guarantee, this Court has addressed such and denied interlocutory appeal certification of a specific jurisdiction case between contracting parties.[38]   Again, the Court's decision didn't involve a new question of law; it applied existing personal jurisdiction jurisprudence to this case's specific facts.

(14)   <u>Factor (B)</u>.   Suncor Canada fails to identify how the Opinion creates conflict among Delaware trial courts.[39]   This factor weighs in the movant's favor if

---

[36]   Interlocutory Appeal App. at 5–6.

[37]   By selecting only these four Rule 42(b)(iii) factors, Suncor Canada concede that the other half do not support certification. *Elutions Capital Ventures S.A.R.L. v. Betts*, 2022 WL 17075692, at *5 n.40 (Del. Ch. Nov. 18, 2022).

[38]   *See Energy Transfer Equity, L.P. v. Twin City Fire Ins. Co.*, 2020 WL 6112299, at *4–5 (Del. Super. Ct. Oct. 16) (citing to *Bristol-Meyers Squibb* and denying certification for interlocutory appeal).

[39]   Suncor Canada lists three cases supporting its suggestion of conflict:   *Outokumpu Eng'g Enters. Inc. v. Kvaerner EnviroPower, Inc.,* 685 A.2d 724 (Del. Super. Ct. 1996); *Republic Envtl.*

-8-

it identifies conflict in a question of law, not fact.[40]  "Generally, for court decisions to be 'conflicting upon a question of law,' they must disagree about legal standards. Courts will not be found to have made conflicting decisions on a question of law if they merely found factual distinctions that dictated differing outcomes under the same legal standard."[41]

(15)   In *Republic Envtl. Sys., Inc. v. RESI Acquisition (Delaware) Corp.*,[42] the defendant's parent company relied heavily on *Outokumpu Eng'g Enters. Inc. v. Kvaerner EnviroPower, Inc.*,[43] which was factually distinct.[44]   There, the Court

---

*Sys., Inc. v. RESI Acquisition (Delaware) Corp.*, 1999 WL 464521 (Del. Super. Ct. May 28, 1999); and *Summit Inv'rs II, L.P. v. Sechrist Indus., Inc.*, 2002 WL 31260989 (Del. Ch. Sept. 20, 2002). Interlocutory Appeal App. at 5.

[40]   *See US Dominion, Inc. v. Fox News Network, LLC*, 2022 WL 100820, at *3 (Del. Super. Ct. Jan. 10, 2022) (finding that result of the decisions movant included in their brief failed to satisfy Rule 42(b)(iii)(B) because they were factual differences, not legal).

[41]   *JB & Margaret Blaugrund Found.*, 2023 WL 2562933, at *6 (quotation omitted).

[42]   1999 WL 464521 (Del. Super. Ct. May 28, 1999).

[43]   685 A.2d 724 (Del. Super. Ct. 1996).

[44]   In *Republic¸* this Court distinguished the two cases, thusly:

1. In *Outokumpu*, the guarantor was not a parent guaranteeing the obligations of its wholly-owned subsidiary, but was a foreign sister company.

2. In *Outokumpu*, the underlying agreement that was being guaranteed was governed by Norwegian law and had an exclusive forum selection clause providing venue in Oslo, Norway.  [In *Republic*], the Notes are governed by Delaware law and there is no forum selection clause in the Notes.

3. The guarantee in *Outokumpu* was governed by Swedish law and contained a mandatory forum selection clause providing that venue "shall" be in Sweden.  The Guaranty [in *Republic*] is governed by Pennsylvania law as opposed to the laws of a foreign country and venue therein is permissive, not exclusive.

4. In *Outokumpu*, the dispute involved the failure to complete the construction of a power plant in Canada.  [In *Republic*], the dispute is simply over the failure of a Delaware

-9-

found that this Court's exercise of personal jurisdiction didn't offend traditional notions of fair play and substantial justice.[45] So the Court ruled that the defendant's guarantee of the obligations of a Delaware corporation wholly owned by the defendant created specific jurisdiction for actions arising under the guaranty.[46] Unlike *Republic*, the Court of Chancery in *Summit Investors II, L.P. v. Sechrist Indus., Inc.*,[47] found that it lacked personal jurisdiction over the defendant because the defendant didn't purposely direct any activities into Delaware.[48] The *Summit* Court recognized that there were certain factors that could reduce the minimum showing of contacts necessary for establishing personal jurisdiction, but that none

___

corporation to pay its debt.

5. In *Outokumpu*, the Court did not address jurisdiction as provided by 10 *Del. C.* § 3104(c)(6), because the forum selection clause mandated jurisdiction elsewhere, as expressly permitted by subsection (6) of Section 3104. Thus, the expectations and burdens of the parties in *Outokumpu* were very different from those in this case. Indeed, *Outokumpu* really involved litigation between two Scandinavian corporate enterprises over construction of a facility in Canada, where none of the agreements were governed by Delaware, or even American law.

*Republic Envtl. Sys., Inc.*, 1999 WL 464521, at *3 (citations omitted).

[45] *See id.* at *4 (finding that the parent company had fair warning that it may be haled into a Delaware Court because it: (a) guaranteed the financial obligations of a Delaware corporation which it wholly-owned; (b) induced, by virtue of the express language in the Guaranty, the Delaware corporate Plaintiff to engage in the transactions at issue; and (c) derived a "substantial and direct benefit" according to the express language of the Guaranty from these transactions of its Delaware subsidiary).

[46] *Id.* at *3.

[47] 2002 WL 31260989, at*4 (Del. Ch. Sept. 20, 2002).

[48] *See Summit Inv'rs II, L.P.*, 2002 WL 31260989, at *4 (Del. Ch. Sept. 20, 2002) (distinguishing its facts from those of *Republic*).

applied in that instance.[49]

(16) At bottom, these decisions and the Opinion all apply the same well-understood personal jurisdiction analysis in different factual scenarios. Same law, different facts. This weighs against certification of an interlocutory appeal.[50]

(17) <u>Factor (D)</u>. True, the Opinion sustained controverted jurisdiction. But this factor alone doesn't outcome the balance of the other factors weighing against certification. Delaware trial courts have held that, even when this factor is satisfied, a grant of interlocutory appeal may still be inappropriate.[51] This is the only factor that favors Suncor Canada and, alone, it's not enough to warrant certification for interlocutory review.[52]

(18) <u>Factor (H)</u>. The Court must make "its own assessment of the most efficient and just schedule to resolve the case . . . [and] whether and why the likely benefits . . . outweigh the probable costs, such that interlocutory review is in the interests of justice."[53] "The Court should find that review of an interlocutory order

---

[49] *Id.*

[50] *See In re Carvana Co. S'holders Litig.*, 2022 WL 4661841, at *3.

[51] *See, e.g., Envirokare Composite Corp. on behalf of LRM Indus. Int'l, Inc. v. D&D Mfg., LLC*, 2024 WL 1528695, at *3 (Del. Ch. Apr. 9, 2024), *refusing appeal* 2024 WL 2270612 (Del. May 20, 2024); *Energy Transfer Equity*, 2020 WL 6112299, at *3, *refusing appeal* 2020 WL 7861340 (Del. Dec 31, 2020); *Aveta*, 2008 WL 4215973, at *1, *refusing appeal* 2008 WL 4216352 (Del. Sept. 16, 2008).

[52] *See Envirokare*, 2024 WL 1528695, at *3 ("Although Factor D is satisfied, it is not dispositive.").

[53] *See* Del. Supr. Ct. R. 42(b)(iii)(H).

serves considerations of justice under Rule 42(b)(iii)(H) when the party applying for interlocutory review is in peril of irreparable harm and the other party is not."[54] "A court should not certify an interlocutory appeal on a legal issue if there is 'no particular urgency to litigating the issue before a final judgment' is entered, even if the issue is novel."[55] Suncor Canada's individual efficiency and inconvenience arguments are unpersuasive.

(19) Suncor Canada availed itself to Delaware by directly contracting with Magellan to cover Suncor's work. Magellan's only cause of action against Suncor Canada is for breach of the Parent Guaranty.[56] And Delaware has a strong interest in adjudicating such contract disputes involving its citizens.[57]

(20) Our rules counsel that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[58] This case is not exceptional; the denial of Suncor Canada's Rule 12(b)(2) motion was routine. For that reason, and those others mentioned, the Court will grant its certification of

---

[54] *Verizon Commc'ns Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2021 WL 1016445, at *7 (Del. Super. Ct. Mar. 16, 2021) (citing *DG BF LLC v. Ray*, 2020 WL 4720685, at *2 (Del. Aug. 13, 2020)).

[55] *Id.* (quoting *In re: Shawe & Elting LLC*, 2016 WL 279400, at *1 (Del. Jan. 22, 2016)).

[56] Compl., ¶¶ 100–112.

[57] *Outokumpu Eng'g Enters., Inc.*, 685 A.2d at 732.

[58] Del. Supr. Ct. R. 42(b)(ii).

Suncor Canada's proposed interlocutory appeal.

**NOW, THEREFORE,** Defendant Suncor Canada's Application for Certification of Interlocutory Appeal is **DENIED**.

**SO ORDERED,**

/s/ *Paul R. Wallace*

_____

Paul R. Wallace, Judge
