## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARC J. CENTRELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. N23C-10-200 PRW CCLD |
| | ) | |
| AVANTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 26, 2024
Decided: March 1, 2024

*Upon Defendant Avantor, Inc.'s*
*Application for Certification of Interlocutory Appeal,*
**DENIED**.

## <u>ORDER</u>

This 1st day of March, 2024, upon consideration of Defendant Avantor, Inc.'s application[1] under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court dated February 5, 2024, it appears to the Court that:

(1)     Plaintiff Marc J. Centrella is a former employee of Defendant Avantor.[2] In mid-2022, Mr. Centrella accepted an offer of employment from non-party Waters Corporation, and informed Avantor of his imminent departure.[3]     Displeased,

---

[1]  Defendant Avantor, Inc. timely filed its application for certification of interlocutory appeal on February 15, 2024.  D.I. 15.

[2]  Marc J. Centrella's Verified Amended Counterclaims ("Compl.") ¶¶ 8, 12 (D.I. 1).

[3]  *Id*. ¶¶ 22-25.

Avantor told Mr. Centrella that he breached his non-compete obligation to Avantor by accepting that offer of employment.[4] Avantor then pressured Waters to rescind its offer.[5]

(2)     In September 2022, Avantor filed suit in the Court of Chancery, seeking to enjoin Mr. Centrella from working at Waters.[6] Soon thereafter, Waters rescinded its offer of employment to Mr. Centrella.[7] Avantor withdrew its complaint and the parties stipulated to dismissal of its claims.[8]

(3)     But Mr. Centrella had counterclaimed in the Court of Chancery[9] and moved to amend and supplement his then-single counterclaim.[10] Avantor moved to dismiss those remaining claims in Chancery.[11] After briefing on Avantor's motion, the case was transferred to this Court.[12]

(4)     Mr. Centrella now has two causes of action here:  (a) a prayer for

---

[4]  *Id.* ¶ 29.

[5]  *Id.* ¶¶ 43-45.

[6]  *See Avantor, Inc. v. Marc J. Centrella*, 2022-0795 NAC (Del. Ch.), Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Damages (Ch. Dkt. D.I. 1).

[7]  Compl. ¶ 70.

[8]  *See Avantor, Inc.*, 2022-0795 NAC, Stipulation and [Proposed] Order Dismissing Plaintiff's Claims (Ch. Dkt. D.I. 32).

[9]  *See id.*, Defendant Centrella's Answer and Counterclaim (Ch. Dkt. D.I. 11).

[10]  *See id.*, Defendant Centrella's Verified Amended Counterclaims (Ch. Dkt. D.I. 41).

[11]  *See id.*, Avantor, Inc.'s Motion to Dismiss Count Two of Marc J. Centrella's Amended Counterclaims (Ch. Dkt. D.I. 43).

[12]  *See id.*, Defendant Counterclaim-Plaintiff's Election to Transfer and Order (Ch. Dkt. D.I. 74).

declaratory judgment that the restrictive covenant provisions of the subject Purchase Stock Agreement and the Restricted Stock Units Agreement are unenforceable (Count I); and, (b) a tortious interference with prospective business relations claim targeting Avantor's actions that led Waters to rescind its offer of employment (Count II).[13] In a motion to dismiss, Avantor attacked only the second count—contending that the absolute privilege doctrine bars Mr. Centrella's charge that Avantor tortiously interfered with his prospective business relations.[14]

(5) Avantor's motion was heard on February 5, 2024.[15] After argument from both parties, the Court issued a bench ruling denying Avantor's motion to dismiss Count II of Mr. Centrella's now-extant claims.[16] In so ruling, the Court found that the record needed to be more fully developed in order to determine whether the absolute privilege doctrine applies.[17] That ruling was made without prejudice. Indeed, the Court expressly noted that the absolute privilege doctrine

---

[13] Compl. ¶¶ 78-87.

[14] *Id*., Ex. 5 ("Avantor's Mot. to Dismiss"). at 5-9.

[15] D.I. 13.

[16] *See generally* Avantor, Inc.'s Application for Certification of Interlocutory Appeal ("Def.'s Appl."), Ex. A ("Feb. 5 Ruling Tr.") (D.I. 15).

[17] Feb. 5 Ruling Tr. at p. 32 ("the Court believes that the record's not developed enough to know what the nature of [the] communications are, whether . . . they . . . all truly would have fallen under [the] absolute bar and whether . . . they would have been viewed as those that may otherwise be tortiously interfering with a business prospect here.").

could still be argued in the future.[18]

(6)     Avantor then filed its application for certification of an interlocutory appeal of the Court's refusal to grant it Rule 12(b)(6) relief on that single count.[19] In Avantor's view, exposing it to the burdens of discovery, a summary judgment motion and, potentially, a trial would largely defeat the purpose of the privilege.[20] It says that permitting the tortious interference count to survive any longer itself determines a substantial issue of material importance.[21] And it says the Rule 42 factors weigh in favor of certifying the appeal.[22]

(7)     Supreme Court Rule 42 governs interlocutory appeals from this Court's orders.[23] Accordingly, the Court considers Avantor's application under Rule 42's rigorous standards.[24]

(8)     Under Rule 42, when faced with a litigant's request for certification of an interlocutory appeal, this Court must:  (a) determine that the order to be certified

---

[18]  *Id*. ("And this is certainly . . . without any prejudice to what I'm sure will be the eventual motion for summary judgment in this matter . . . in the end [absolute privilege] may be a valid defense.").

[19]  *See generally* Def.'s Appl.

[20]  *Id*. at 7.

[21]  *Id*. at 5-8.

[22]  *Id*. at 8-15.

[23]  *DiSabatino Bros., Inc. v. Wortman,* 453 A.2d 102, 103 (Del. 1982).

[24]  *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P*., 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing DONALD J. WOLFE, JR. & MICHAEL A. PITTENGER, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")).

for appeal "decides a substantial issue of material importance that merits appellate review before a final judgment;"[25] (b) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[26] (c) consider the Court's own assessment of the most efficient and just schedule to resolve the case; and then, (d) identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[27] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[28]

---

[25] Del. Supr. Ct. R. 42(b)(i).

[26] Those factors are:

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
>
> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
>
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
>
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
>
> (G) Review of the interlocutory order may terminate the litigation; or
>
> (H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

[27] Del. Supr. Ct. R. 42(b). Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii).

[28] Del. Supr. Ct. R. 42(b).

Applications for certification of an interlocutory appeal require the exercise of the trial court's discretion and are granted only in extraordinary or exceptional circumstances.[29]

(9)    The first consideration—whether the order seeking certification decides a substantial issue of material importance that merits appellate review before a final judgment—is a threshold finding without which certification is inappropriate.[30]  A substantial issue is usually understood as one that "decides a main question of law which relates to the merits of the case, and not to collateral matters."[31]

(10)    Avantor asks the Court to certify its February 5th ruling denying Avantor's motion to dismiss based on the absolute privilege doctrine.  The Delaware Supreme Court has stated that "an order directed to the pleadings falls within the class of interlocutory orders which are unappealable," unless such a ruling "will so substantively affect the merits of a case or change the status of the parties . . . ."[32]  In turn, Delaware's trial courts have repeatedly refused certification for interlocutory

---

[29] *In re Pure Res., Inc. S'holders Litig.*, 2002 WL 31357847, at *1 (Del. Ch. Oct. 9, 2002); *Ryan v. Gifford*, 2008 WL 43699, at *4 (Del. Ch. Jan. 2, 2008).

[30] *Traditions, L.P. v. Harmon*, 2020 WL 1646784, at *1 (Del. Apr. 2, 2020).

[31] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters." (citation omitted)).

[32] *Levinson v. Conlon*, 385 A.2d 717, 720 (Del. 1978).

appeal based on failed motions to dismiss—that, indeed, permit further discovery—because, in the normal course, such denials neither render a "final determination" on the merits, nor do they decide a "substantive issue."[33] Just so here.

(11) The February 5 ruling merely afforded Mr. Centrella the right to pursue discovery related to the allegations contained in his current complaint. It did not decide whether the absolute privilege doctrine applies here. Rather, the Court found it could not do so in the circumstances of this case without evidence of precisely who said (or wrote) what to whom and when.[34] So, Avantor fails to meet Rule 42's threshold requirement.

(12) That could end the Court's analysis. But an examination of the delineated Rule 42 factors further convinces the Court that certifying Avantor's application would be inappropriate. Avantor itself admits that only three of the Rule 42(b) factors could possibly weigh in favor of certification.[35] Yet, even the three

---

[33] *See, e.g., JB & Margaret Blaugrund Found. v. Guggenheim Funds Inv. Advisors, LLC,* 2023 WL 2562933, at *3 (Del. Ch. Mar. 17, 2023) ("an order denying a motion to dismiss . . . generally does not raise a substantial issue"); *State v. Premier Healthcare Inc.*, 2018 WL 3471848, at *2 (Del. Super. Ct. July 17, 2018) ("This Court's Opinion denying a Motion to Dismiss has not settled the litigation with finality nor the issues contained within. . . . Without a further established factual record, this case is not ripe for a final determination."); *In re Novell, Inc. S'holder Litig.*, 2013 WL 431344, at *1 (Del. Ch. Jan. 28, 2013) ("The Defendants point to a right to be free from the burdens and expense of a trial, but that presumably would be true of any defendant unhappy with the denial of her Rule 12(b)(6) motion . . . . Because the Court does not understand that its ruling established a legal right, it may not certify the proposed appeal." (cleaned up)).

[34] *See generally* Feb. 5 Ruling Tr. at p. 28-32.

[35] *See* Def.'s Appl. at 8 ("the Order also satisfies three Rule 42(b) factors: a conflict among trial courts, the potential for terminating the litigation and consideration of justice" (citing Del. Supr. Ct. R. 42(b)(iii)(B),(G), and (H))).

factors that Avantor points to don't truly weigh in its favor.

(13) The Court's ruling is not in *conflict* with other Delaware trial court decisions,[36] appeal will not terminate this litigation in its entirety,[37] and interlocutory appellate review will not serve considerations of justice.[38]

(14) Furthermore, "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[39] This case is not

---

[36] Avantor argues the Feb. 5 ruling conflicts with this Court's rulings in *Whittington v. Whittington,* 2024 WL 490807 (Del. Super. Ct. Feb. 8, 2024), *BRP Hold Ox, LLC v. Chillian*, 2018 WL 5734648 (Del. Super. Ct. Oct. 31, 2018), and *Feenix Payment Sys. v. Blum*, 2022 WL 215026 (Del. Super. Ct. Jan. 25, 2022). *See* Def.'s Appl. at 8-10. But each of those rulings actually *decided* whether the absolute privilege applied. *See Whittington*, 2024 WL 490807, at *3; *BRP Hold Ox, LLC*, 2018 WL 5734648, at *5; *Feenix Payment Sys.*, 2022 WL 215026, at *6-7. The Feb. 5 ruling reaches no adverse decision; it is simply a recognition that on the pleading record thus far, the Court cannot decide the claimed privilege's applicability.

[37] Avantor suggests a ruling that the absolute privilege bars Mr. Centrella's claim would likely terminate the litigation as a whole. Def.'s Appl. at 11-12. Yet, Mr. Centrella's Count I still remains. And Avantor's insistence it can now knock that out in this Court via a separate serial Rule 12 motion to dismiss is both bold and speculative.

[38] Avantor posits that the privilege won't serve its purpose if Mr. Centrella is permitted to proceed any further with his second count, so considerations of justice necessitate a pause for interlocutory review thereof. Def.'s Appl. at 12-13. But as explained earlier, no decision on the privilege has yet been made and Avantor is free to pursue future dispositive rulings if the further-developed record so warrants. On the other hand, the machinations Avantor now describes for defeating both Mr. Centrella's claims—with no real evidentiary record as to one and a running out of the clock on the contested restrictive covenant—hardly resemble the justice and fair hearing Delaware's courts strive to afford those who seek their refuge. *E.g., In re Asbestos Litig.*, 228 A.3d 676, 685 (Del. 2020) (Vaughn, dissenting) ("A court . . . should be especially mindful of one overarching consideration—Delaware's strong judicial policy that courts should decide cases on their merits." citing *Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011) (en banc) ("To reiterate, Delaware has a strong public policy that favors permitting a litigant a right to a day in court."); *Beckett v Beebe Med. Ctr.*, 897 A.2d 753, 757-58 (Del. 2006) (emphasizing Delaware's public policy favoring "a trial on the merits")).

[39] Del. Supr. Ct. R. 42(b)(ii).

exceptional; the denial of Avantor's Rule 12(b)(6) motion was routine.  For that reason, and those others mentioned, the Court cannot grant its certification of Avantor's proposed interlocutory appeal.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant Avantor, Inc.'s Application for Certification of Interlocutory Appeal is **DENIED**.

**SO ORDERED this 1st day of March, 2024**.

_____
Paul R. Wallace, Judge

Original to Prothonotary

cc:  All counsel via File & Serve