BATAVIA VILLAGE BOARD OF EDUCATION *v.* CLERMONT COUNTY BOARD OF EDUCATION ET AL.

*Public funds—Compliance with statutes prerequisite to expenditure—Transportation of pupils—Parent furnishing transportation paid by county board of education—Injunction—Transfer of funds from village district to reimburse county board—Section 7610-1, General Code—Failure of parent to pursue proper remedy.*

1. The expenditure of public funds, by a public board, can only be made when the provisions of the General Code applicable thereto have been complied with.
2. An action will lie in favor of a village board of education to restrain a county board of education from issuing a certificate to the county auditor and causing to be transferred from the funds of the village board to the county board fund, as provided for in Section 7610-1, General Code, a sum to reimburse the county board for money paid to a parent for transportation charges, as fixed by Section 7731-4, General Code, where the parent did not pursue his proper remedy either by compelling the village board to furnish transportation or having some action taken by the county board to secure transportation.

(Decided October 5, 1923.)

APPEAL: Court of Appeals for Clermont county.

[1] Counties, 15 C. J. § 288; [2] Injunctions, 32 C. J. § 395; Schools and School Districts, 35 Cyc. p. 1123 (Anno.).

*Mr. Norman L. Burnett,* for plaintiff.
*Mr. Clayton B. Nichols,* for defendants.

BUCHWALTER, J.   The averments in the petition
and the amended answer are offered by counsel as
an agreed statement of facts.

Edward Ross made application to the Batavia
Village Board of Education to furnish transporta
tion to and from the Batavia village school for
his two children, who were attending that school,
in the elementary grades.   The children resided
2.48 miles from the school.

Notice to furnish transportation for the children
was given by Ross to the plaintiff, the Batavia,
Ohio, Village Board of Education, hereinafter
called the local board, prior to the commencement
of the school term, and the plaintiff refused to fur-
nish same.   Edward Ross then himself furnished
transportation and presented the bills for same to
the local board, to which bills were attached cer-
tificates signed by the teacher, setting forth the
number of days the pupils were so transported.

The charges for transportation in the bills are
the same as are fixed by Section 7731-4, General
Code.

The bills were rejected by the local board, and
Ross subsequently presented the same to the Cler-
mont County Board of Education, hereinafter
called the county board, which board, on July 2,
1923, allowed and paid the same, after notice of
their rejection by the local board.

No contract was ever entered into between Ross
and either of the boards for such transportation,
although both boards had knowledge that he was

transporting the pupils and was demanding payment therefor.

Several times these bills were sent by the local board to the county board, but at the time of hearing, in each instance, the bills were returned to the local board, on the statement of its representative that the matter would be again taken up and considered by the local board. So that no action was taken by the county board until after the end of the school term, at a meeting held on July 2, 1923.

Plaintiff brings this action alleging that the payment to Ross was illegal, and that, unless restrained, the county board will issue a certificate to the county auditor, who will then transfer the amount, so paid, from the funds of the local board to the county board fund. A permanent injunction is asked to prevent the issuing of this certificate and the transfer of such fund.

Section 7731, General Code (109 O. L., 289), provides:

"In all * * * village school districts where resident elementary school pupils live more than two miles from the school to which they are assigned the board of education shall provide transportation for such pupils to and from such school except when in the judgment of such board of education, confirmed, in the case of a school district of the county school district, by the judgment of the county board of education * * * such transportation is unnecessary. * * * When local boards of education neglect or refuse to provide transportation for pupils the county board of education shall provide such transportation and the cost thereof shall be paid as provided in Section 7610-1, General Code."

In Section 7610-1, General Code (109 O. L., 553), is found the following provision:

"All   *   *   *   money so paid by the county board of education   *   *   *   shall be paid out of the county treasury from the general fund on vouchers signed by the president of the county board of education   *   *   *   but they shall be a charge against the school district for which the money was paid. The amount so paid shall be retained by the county auditor from the proper funds due to such school district, at the time of making the semi-annual distribution of taxes."

Section 7731-4, General Code (109 O. L., 290), provides:

"If a local board deems the transportation of certain children to school by school conveyance impracticable and is unable to secure what is deemed a reasonable offer for the transportation f such children the local board shall so report to ıe county board of education. If the county board f education deems such transportation by school onveyance practicable or the offers reasonable ıey shall so inform the local board and transırtation shall be provided by such local board. , however, the county board of education agrees :th the view of the local board it shall be deemed mpliance with the provisions of Sections 7730 ıd 7731, General Code, by such local board if ch board agrees to pay the parent or other pern in charge of the child or children for the transrtation of such child or children to school the llowing amounts for each day of actual transrtation [schedule of amounts follows]."

It will be seen that under certain conditions the ınty board can furnish transportation, and also

that under Section 7731-4 the local board may make a contract with the parent for the transportation of the children.

There is nothing in the agreed statement of facts to show that the local board deemed it impracticable to transport the children by school conveyance, or that it was unable to secure a reasonable offer for such transportation.

The refusal of the local board was not acted upon by the county board during the school year, because at each meeting where the matter was to be considered the bills were returned to the local board for further consideration. The final refusal of the local board was for the reason that it had not agreed with Ross to furnish transportation.

In view of these sections of the Code it appear that Ross did not pursue his proper remedy, either by compelling the board to furnish transportation, or by having some action taken by the count board to secure such transportation. When the local board did not furnish same, Ross transport the children, as it was his duty to do if no transportation was furnished, and, after so transportin them during the school year, he sought to recov the amount that might have been recovered f such transportation under the statute had an agreement been had with the local board.

The county board neither informed the lo board to provide transportation, nor did the couty board itself provide or arrange for transportation.

The expenditure of public funds, by a pub board, can only be made when the provisions the General Code applicable thereto are compl

with. We hold that the amount of the bill cannot properly be charged against the fund of the local board, and that the plaintiff is entitled to the relief prayed for.

An injunction will be granted preventing the issuance of the certificate and the transfer of the fund.

*Injunction allowed.*

Cushing and Hamilton, JJ., concur.