**WILMINGTON MEDICAL CENTER, INC.,**
Defendant below, Appellant,

George H. H. Garrison, Defendant below,

v.

Doris Mae **COLEMAN** and Leroy B. **Coleman,**
et al., Plaintiffs below, Appellees.

Supreme Court of Delaware.

Oct. 25, 1972.

Howard M. Handelman and William J. Alsentzer, Jr., of Bayard, Brill & Handelman, Wilmington, for Wilmington Medical Center.

Joseph S. Yucht, of Balick & Yucht, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY, J., and SHORT, Vice Chancellor, sitting.

WOLCOTT, Chief Justice.

This is an appeal from the denial of defendants' motion to dismiss the complaint. The Opinion of the Court below is reported, sub nom. Coleman v. Garrison at 281 A.2d 616.

It is alleged that in 1966 the doctor defendant performed upon the wife plaintiff a sterilization operation known as a bilateral tubal ligation, assisted by agents of the defendant Wilmington Medical Center.

At the time of the operation, the wife and her husband had five living children. The sterilization was unsuccessful and the parties conceived a sixth child.

Joined as plaintiffs are the wife, the husband, and the five previously born children. They seek damages for the following:

1) The pain and suffering of the wife during her last pregnancy;

2) The cost of the sterilization operation paid the doctor;

3) The loss to the husband of his wife's consortium;

4) The deprivation to the five previously born children of the amount of care and support they would have received had the sixth child not been born;

5) The medical expenses incurred in the sixth pregnancy;

6) The cost of care and maintenance of the sixth child.

Before filing an answer, the defendants moved to dismiss the complaint on the ground that it is an action for "wrongful life", which, defendants argue, is not recognized in Delaware. The Superior Court denied the motion and the Medical Center appealed.

The appeal must be dismissed since the Order is nonappealable.

The denial of a motion to dismiss a complaint is an interlocutory order and, as such, is not appealable unless it has determined substantial legal rights. Goldhar v. Rosenfeld, Del.Supr., 38 Del.Ch. 233, 149 A.2d 753 (1959). The question of appealability of such an Order is primarily determined by the Opinion of the Court below. Haveg Corp. v. Guyer, Del.Supr., 211 A.2d 910 (1965). It is clear, we think, that the Opinion below did not decide the underlying issue in the case at bar. Consequently, no substantial legal rights were determined by that Opinion.

The defendants argued below that there is no compensable injury in this case. The argument is twofold: first, there are policy considerations which prohibit recovery; second, even if there is an injury, it is far outweighed by the blessings of a child.

We feel that the Court below did not decide the question whether public policy bars an action such as this. The Court did hold that there is no public policy, which rests on the desirability of procreation, which bars recovery, but it failed to consider other possible policy objections. Rather, it held that the entire question should be submitted to the jury. Coleman v. Garrison, Del.Super., 281 A.2d 616, 618 (1971).

The reasoning leads to one of two conclusions: either the Court felt that there are no public grounds which bar a recovery here, or it felt that the jury should determine whether such grounds exist. We are inclined to believe that the latter was intended, for the Opinion says that "the Court should not express a particular viewpoint as the public policy of the State." 281 A.2d at 618.

The result reached, we think, was an abrogation of the function of the Judge. Whether or not there is a public policy bearing on the question is a matter of law for the decision of the Trial Judge—not the jury. The Judge may not shift this burden to the jury.

This being so, the Opinion and Order upon it are in effect a nullity since no substantial legal issue has been decided and the appeal must be dismissed.

This leaves, however, the question of the effect of the apparent rulings on damages made in the Opinion. Since at least some of these rulings are perhaps open to the charge that they are too speculative, we think the best interests of justice require that the case be put in a fresh posture, and that the entire Opinion be refused recognition as the law of the case.

The appeal is dismissed.