**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

December 17, 2025

R. Eric Hacker, Esquire
Morris James LLP
3205 Avenue North Blvd., Suite 100
Wilmington, Delaware 19899

Eric J. Juray, Esquire
Pricket, Jones & Elliott, P.A.
1310 North King Street
Wilmington, Delaware 19801

John D. Hendershot, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

RE: ***STI Group Holdco, LLC, et al. v. William H. Anderson II, et al.***,
Civil Action No. 2024-1273-MTZ

Dear Counsel:

Defendant Lester L. Cole has applied for certification of an interlocutory appeal (the "Application")[1] from this Court's November 21 oral ruling (the "Ruling").[2] Defendants William H. Anderson II and his holding company Southern Trust Corporation ("ST Corporation," and together with Anderson, "Sellers," and together with Cole, "Defendants") joined in the Application.[3] The Ruling denied Defendants' motions to dismiss certain counts for lack of personal jurisdiction, concluding this Court could exercise ancillary jurisdiction over them as to those counts.[4] I do not believe the Ruling clears the significant hurdles it must to disrupt this action with an interlocutory appeal. For the reasons below, I deny Cole's Application.

---

[1] Docket Item ("D.I.") 72 [hereinafter "App."].

[2] D.I. 75 [hereinafter "Tr."].

[3] D.I. 73.

[4] Tr. 6–12.

## I. BACKGROUND

The plaintiffs allege Defendants fraudulently induced an acquisition to cover up and exit from a pervasive fraudulent scheme. Plaintiffs Southern Trust Insurance Company ("STIC") and Southern Specialty Underwriters LLC ("SSU," and together with STIC, the "Acquired Companies") are Georgia insurance companies. Sellers owned the Acquired Companies before the acquisition. Cole was the Acquired Companies' President and CEO.

On June 22, 2023, plaintiffs STI Group Holdco, LLC ("STI Holdco") and STI Group, Inc. ("STI," and together with STI Holdco, "Buyers," and together with the Acquired Companies, "Plaintiffs") bought the Acquired Companies for $33.2 million pursuant to a Share and Interest Purchase Agreement (the "PSA").[5] As they were free to do, the parties contracted to include a Delaware forum selection clause in the PSA. Section 12.9 of the PSA provides that Delaware state or federal courts "will have exclusive jurisdiction to hear and determine any claims or disputes between the parties pertaining to [the] agreement or to any matter arising out of or relating to [the] agreement."[6] So when years of alleged fraud and mismanagement at the Acquired Companies came to light, Plaintiffs turned to this Court.

Plaintiffs filed the operative complaint on March 31, 2025, asserting fifteen counts.[7] The claims relevant to Cole's Application fall into three buckets: fraud, contract, and breach of fiduciary duty. The fraud and contract claims assert the PSA falsely represented the Acquired Companies' financial position and the absence of related party transactions. The fraud claims allege Defendants made material misrepresentations concerning the Acquired Companies' financials to induce Buyers into buying the Acquired Companies, while the contract claims allege Defendants breached various provisions of the PSA. And the fiduciary claims allege that leading up to the acquisition, Defendants mismanaged the Acquired Companies and concealed the effects of their mismanagement on the Acquired Companies' financials.

---

[5] D.I. 72 Ex. B [hereinafter "PSA"].

[6] PSA § 12.9.

[7] D.I. 22; D.I. 72 Ex. C.

Cole conceded the PSA's forum selection clause permits this Court to exercise personal jurisdiction over him for the fraud and contract claims.[8] But he moved to dismiss the fiduciary claims for lack of personal jurisdiction.[9] My November 21 Ruling denied that motion, concluding the Court could exercise ancillary jurisdiction over him as to those claims.[10] The Ruling followed *Cantor Fitzgerald, L.P. v. Chandler* and subsequent Court of Chancery precedent holding that "once a valid claim has been brought and personal jurisdiction established over a party defending a proper claim," Delaware courts may, in their discretion, exercise ancillary jurisdiction over that party "where the subject matter of the claim is 'sufficiently related'" to the anchor claim.[11] The Ruling applied the settled principle that "[w]here a defendant has not contested the court's jurisdiction over some claims, 'it is not necessary to engage in a comprehensive personal jurisdiction review "from scratch."'"[12] Instead, Delaware courts should consider whether the exercise of ancillary jurisdiction would unfairly prejudice the defendants substantively or procedurally, the relationship between the claims, Delaware's interest in adjudicating the claim, and comity.[13]

The Ruling concluded Cole had "not assert[ed] any undue prejudice" from litigating the fiduciary claims alongside the fraud and contract claims in this Court.[14] It concluded all those claims brought against Cole share a common

---

[8] *See* D.I. 35 at 11–12 (conceding this Court has personal jurisdiction over Cole for "Counts I, III–VI, and XIV").

[9] D.I. 24; D.I. 35.

[10] Tr. at 9–12.

[11] *Id.* at 9 (quoting 1999 WL 1022065, at *4 (Del. Ch. Oct. 14, 1999), which quotes *Technicorp Int'l II v. Johnston*, 1997 WL 538671, at *20 (Del. Ch. Aug. 25, 1997)); *see also Cap. Grp. Cos., Inc. v. Armour*, 2004 WL 2521295, at *4 (Del. Ch. Oct. 29, 2004); *Ruggiero v. FuturaGene, plc.*, 948 A.2d 1124, 1138–39 (Del. Ch. 2008); *Jung v. El Tinieblo Int'l, Inc.*, 2022 WL 16557663, at *12 (Del. Ch. Oct. 31, 2022).

[12] *Jung*, 2022 WL 16557663, at *12 (quoting *Cap. Grp.*, 2004 WL 2521295, at *4, which quotes *Cantor Fitzgerald*, 1999 WL 1022065, at *4).

[13] *Cantor Fitzgerald*, 1999 WL 1022065, at *4; *Cap. Grp.*, 2004 WL 2521295, at *4–5; *Jung*, 2022 WL 16557663, at *12; *Ruggiero*, 948 A.2d at 1138–39.

[14] Tr. at 10.

nucleus of operative fact: "the sale of a company driven by [D]efendants' pre-[a]cquisition misconduct."[15] The Ruling observed that resolving the fraud and contract claims would "depend on a number of the same facts" required to resolve the fiduciary claims.[16] As to Delaware's interest in adjudicating the fiduciary claims, the Ruling concluded the exercise of ancillary jurisdiction would promote "the desire of our courts to achieve judicial economy and avoid duplicative efforts among courts in resolving disputes."[17] Finally, the Ruling noted the absence of overriding comity concerns. It reached that conclusion after considering the parties' joint motion to stay a parallel action in Georgia, and that Georgia's insurance authorities were aware of this action.[18]

On December 1, Cole filed his Application seeking certification of interlocutory appeal of the Ruling.[19] Sellers joined in the Application.[20] Plaintiffs' timely opposition followed on December 11.[21]

## II. ANALYSIS

Interlocutory appeals are "exceptional, not routine," and "generally not favored."[22] "Applications for interlocutory appeals are addressed to the sound discretion of this Court and are accepted only in extraordinary circumstances,"[23] as

---

[15] *Id.*

[16] *Id.* (quoting *Canadian Com. Workers Indus. Pension Plan v. Alden*, 2006 WL 456786, at *12 (Del. Ch. Feb. 22, 2006)).

[17] Tr. at 11 (quoting *Cantor Fitzgerald*, 1999 WL 1022065, at *4).

[18] Tr. at 11.

[19] App.

[20] D.I. 73.

[21] D.I. 78.

[22] Supr. Ct. R. 42(b)(ii); Supr. Ct. R. 42 cmt.

[23] *Robino-Bay Ct. Plaza, LLC v. W. Willow-Bay Ct., LLC*, 941 A.2d 1019, 2007 WL 4463593, at *1 (Del. 2007) (TABLE). Though this decision referred to the Supreme Court in its use of "this Court," trial courts exercise that same discretion in recommending whether interlocutory appeals should be certified. *See* Supr. Ct. R. 42(b)(iii).

"they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[24] "So a Rule 42 application cannot be certified unless it clears two 'rigorous' hurdles"[25]: (1) the order must have "decide[d] a substantial issue of material importance that merits appellate review before a final judgment";[26] and (2) there must be "substantial benefits" to granting the application that "will outweigh the certain costs that accompany an interlocutory appeal."[27]

When deciding whether to certify such an appeal, the Court should consider whether:

> (A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory

---

[24] Supr. Ct. R. 42(b)(ii).

[25] *Elutions Cap. Ventures S.A.R.L. v. Betts*, 2022 WL 17075692, at *3 (Del. Ch. Nov. 18, 2022) (quoting *TowerHill Wealth Mgmt., LLC v. Bander Fam. P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008), *appeal refused*, 962 A.2d 256 (Del. 2008) (TABLE)), *appeal refused*, 289 A.3d 1274 (Del. Jan. 12, 2023) (TABLE).

[26] Supr. Ct. R. 42(b)(i).

[27] *Id.* 42(b)(ii).

order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.[28]

Once the Court considers these factors and conducts its "own assessment of the most efficient and just schedule to resolve the case," the Court must then consider whether the likely benefits of interlocutory review outweigh the likely costs.[29] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[30]

### A. The Ruling Did Not Decide A Substantial Issue Of Material Importance.

The Ruling denying Cole's motion to dismiss does not present a "substantial issue of material importance that merits appellate review before final judgment."[31] "The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters."[32] The trial court's determination must decide a legal right, "meaning an issue essential to the positions of the parties regarding the merits of the case."[33]

---

[28] *Id.* 42(b)(iii) (formatting altered).

[29] *Id.*

[30] *Id.*

[31] *Id.* 42(b)(i).

[32] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008), *appeal refused*, 956 A.2d 31 (Del. 2008) (TABLE); *accord* Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 18.04[d], at 18-16 (2d ed. 2024) ("Only a ruling by the Court of Chancery on the merits of the controversy is likely to meet the requirements of Rule 42.").

[33] *TowerHill Wealth Mgmt.*, 2008 WL 4615865, at *2 (citing *Sprint Nextel Corp.*, 2008 WL 2861717, at *1); *see also Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520, 521 (Del. 1969); *Stewart v. Wilmington Tr. SP Servs., Inc.*, 2015 WL 1898002, at *3 (Del. Ch. Apr. 27, 2015) ("[A] decision at the pleadings stage, which merely allows the case to proceed to trial, generally does not 'establish a legal right' between the parties." (citing *Levinson v. Conlon*, 385 A.2d 717, 720 (Del. 1978))).

An exercise of personal jurisdiction does not affect the merits of Plaintiffs' claims against Cole.[34] Nor does it "decide the underlying issue[s]" in the case.[35] "The Supreme Court has recognized this by repeatedly holding that a denial of a motion to dismiss for lack of personal jurisdiction does not establish a legal right or determine a substantial issue."[36]

Yet Cole broadly asserts "personal jurisdiction can involve a substantial issue when a trial court exercises controverted jurisdiction in a manner not considered by the Delaware Supreme Court,"[37] pointing to *Hazout v. Tsang Mun Ting* and *Marion #2-Seaport Tr. v. Terramar Retail Ctrs., LLC*.[38] But those cases are specific exceptions. Both involved unsettled legal issues in the construction and application of Delaware's jurisdictional statutes, and both were decided against a backdrop of conflicting trial court authority.[39] Those circumstances are absent

---

[34] *See Energy Transfer Equity, L.P. v. Twin City Fire Ins. Co.*, 2020 WL 6112299, at *3 (Del. Super. Oct. 16, 2020) (ORDER), *appeal refused*, 244 A.3d 682 (Del. 2020) (TABLE).

[35] *Wilmington Med. Ctr., Inc. v. Coleman*, 298 A.2d 320, 322 (Del. 1972).

[36] *TowerHill Wealth Mgmt.*, 2008 WL 4615865, at *2; *see, e.g.*, *Curran Composites, Inc. v. Total Hldgs. USA, Inc.*, 984 A.2d 123, 2009 WL 4170395, at *1 (Del. 2009) (TABLE); *Jelin v. NRG Barriers, Inc.*, 682 A.2d 626, 1996 WL 442907, at *1 (Del. 1996) (TABLE); *Olivieri v. Aveta, Inc.*, 957 A.2d 2, 2008 WL 4216352, at *1 (Del. 2008) (TABLE); *Twin City Fire Ins. Co. v. Energy Transfer Equity, LP*, 244 A.3d 682, 2020 WL 7861340, at *1–2 (Del. 2020) (TABLE); *Hitachi Koki Co., Ltd. v. Cardona*, 207 A.3d 1128, 2019 WL 1716054, at *1–2 (Del. 2019) (TABLE); *Garcia v. Franchi*, 285 A.3d 1205, 2022 WL 11121788, at *1–2 (Del. 2022) (TABLE); *Tortuga Cas. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 604 A.2d 419, 1991 WL 247813, at *1–2 (Del. 1991) (TABLE).

[37] App. ¶ 14.

[38] *Hazout v. Tsang Mun Ting*, No. 353,2015 (Del. Aug. 6, 2015) (ORDER); *Marion #2-Seaport Tr. v. Terramar Retail Ctrs., LLC*, No. 433,2017 (Del. Oct. 23, 2017) (ORDER).

[39] *See Hazout*, No. 353,2015, at 5 (noting that "there are conflicting decisions on the application of Section 3114 in the absence of breach of fiduciary duty claims"); *Terramar Retail Ctrs., LLC v. Marion #2-Seaport Tr.*, 2017 WL 4621232, at *3 (Del. Ch. Oct. 16, 2017) (ORDER) (noting that "[t]here are Court of Chancery decisions that can be read to point in different directions on the question" certified for interlocutory appeal).

here: the ancillary jurisdiction framework applied in the Ruling is neither novel nor the subject of conflicting trial court decisions.[40]

Cole also broadly contends the Ruling created a substantial issue for transactional planners. Cole warns the Ruling's ancillary jurisdiction analysis will render "carefully written jurisdictional clauses . . . pliable once a plaintiff pleads a single conceivable contract-based claim."[41] That argument stretches the Ruling's fact-bound analysis into something it is not. Contrary to Cole's characterization, this Court did not exercise jurisdiction over Cole for the fiduciary claims simply because Plaintiffs pled "a single conceivable contract-based claim," or because Cole was "already a defendant for other claims."[42] As settled precedent requires, the Ruling concluded ancillary jurisdiction over the fiduciary claims was proper only after considering their overlapping subject matter with claims he contracted to have this Court hear, the absence of prejudice to Cole from litigating the fiduciary claims in this Court, Delaware's interest in judicial economy, and the absence of overriding comity concerns.[43]

The Ruling denying Cole's motion to dismiss for lack of personal jurisdiction did not decide a substantial issue warranting interlocutory review under Supreme Court Rule 42(b)(ii).

### B. There Are Not "Substantial Benefits" To Granting The Application.

While I may deny the Application on the substantial issue requirement

---

[40] *See Cantor Fitzgerald*, 1999 WL 1022065, at *4; *Cap. Grp.*, 2004 WL 2521295, at *4; *SPay, Inc. v. Stack Media Inc.*, 2021 WL 6053869, at *5 (Del. Ch. Dec. 21, 2021); *Cont'l Auto. Sys., Inc. v. Nokia Corp.*, 2023 WL 1370523, at *21–22 (Del. Ch. Jan. 31, 2023); *Neurvana Med., LLC v. Balt USA, LLC*, 2020 WL 949917, at *9–11 (Del. Ch. Feb. 27, 2020); *Jung*, 2022 WL 16557663, at *12–13; *Harris v. Harris*, 289 A.3d 277, 297–98 (Del. Ch. 2023); *Pacira BioSciences, Inc. v. Fortis Advisors LLC*, 2021 WL 4949179, at *22–23 (Del. Ch. Oct. 25, 2021); *Ruggiero*, 948 A.2d at 1138–39.

[41] App. ¶ 17.

[42] *Id.*

[43] *See* Tr. at 10–12.

alone, for completeness I also consider the factors set forth in Supreme Court Rule 42(b)(iii). These factors, with one exception, reinforce my recommendation against certification. Cole explicitly addresses only Supreme Court Rule 42(b)(iii)(A), (B), (C), (D), and (H) as favoring the Application.[44]

**Rule 42(b)(iii)(A)**. The Ruling did not resolve a question of law for the first time in Delaware.[45] Our law is clear that Delaware courts "may exercise [their] discretion to litigate a claim for which personal jurisdiction would not otherwise exist where the claim is brought along with other claims for which jurisdiction does exist that are sufficiently related to that claim to warrant prosecution before a single tribunal," absent prejudice to the defendants.[46] The Ruling followed that settled doctrine. That the Supreme Court has not yet considered the Court of Chancery precedent applied in the Ruling does not mean the Ruling resolved a question of law for the first time. This factor weighs against certifying the interlocutory appeal.

**Rule 42(b)(iii)(B)**. Trial court decisions do not conflict on the substance of the Ruling.[47] Cole concedes "[t]rial court opinions on ancillary jurisdiction may not directly conflict,"[48] but suggests this factor supports certifying the interlocutory appeal because "the doctrine has outgrown the cases originally applying it," including *Cantor Fitzgerald*.[49] The starting point for personal jurisdiction here is a Delaware forum selection clause.[50] *Cantor Fitzgerald*'s fact-specific ancillary jurisdiction analysis has remained stable: it asks whether the noncontractual claim

---

[44] App. ¶¶ 18, 19, 23, 30, 31.

[45] Supr. Ct. R. 42(b)(iii)(A).

[46] *Cap. Grp.*, 2004 WL 2521295, at *4; *see also Cantor Fitzgerald*, 1999 WL 1022065, at *4; *Jung*, 2022 WL 16557663, at *12.

[47] Supr. Ct. R. 42(b)(iii)(B).

[48] App. ¶ 19.

[49] *Id.*

[50] *Cantor Fitzgerald*, 1999 WL 1022065, at *3 ("No one can dispute that the Partnership Agreement's forum selection clause gives this Court personal jurisdiction over the defendants as a result of claims that the defendants breached the Partnership Agreement.").

is sufficiently related, with a view toward judicial economy, the avoidance of duplicative efforts, and the presence or absence of unfair prejudice.[51]  The Ruling applied that framework and concluded the fiduciary claims are sufficiently related to the anchor claims to warrant their adjudication before a single court, and that litigating the fiduciary claims in this Court would not unduly prejudice Cole.[52]  In my view, neither the Ruling nor *Cantor Fitzgerald*'s progeny have stretched *Cantor Fitzgerald*'s boundaries, at all or in a way that conflicts with any trial court authority.

Finally, Cole suggests the Ruling cannot be squared with my October 8 dismissal of three other defendants from this action for lack of personal jurisdiction.[53]  But the two rulings are doctrinally consistent.  There were no statutory or contractual grounds to exercise personal jurisdiction over those defendants, who were not signatories to the PSA.[54]  Ancillary jurisdiction over them was not available.[55]

---

[51] *Id.* at \*4; *see also id.* at \*5 ("In examining the claims as alleged, many of the same acts and factual circumstances form the bases for both the breach of contract claims and the tortious interference with a contract claim . . . . It is clear to me that maximum efficiency in prosecuting these claims is best served by resolving the tortious interference claim in this action, and that the defendants will suffer no unfair prejudice as a result."); *see, e.g.*, *SPay*, 2021 WL 6053869, at \*5 (exercising ancillary jurisdiction over defendants for independent claims "sufficiently related" to claims subject to a Delaware forum selection clause); *Cont'l Auto. Sys.*, 2023 WL 1370523, at \*22 (same); *Cap. Grp.*, 2004 WL 2521295, at \*4–5 (same).

[52] *See* Tr. 9–12.

[53] App. ¶ 19 n.23.

[54] *See* D.I. 70.

[55] *See Jung*, 2022 WL 16557663, at \*12 (noting ancillary jurisdiction is only available "[w]here a defendant has not contested the court's jurisdiction over some claims"); *Ruggiero*, 948 A.2d at 1136 ("As already discussed, the court lacks personal jurisdiction over the Individual Defendants for any claims whatsoever, rendering any theory of ancillary or pendent jurisdiction inapposite."); *Pacira BioSciences*, 2021 WL 4949179, at \*23 (declining to exercise ancillary jurisdiction where all viable anchor claims were dismissed).

This factor weighs against certifying the interlocutory appeal.

**Rule 42(b)(iii)(C)**. The question of law does not relate to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by the Supreme Court in advance of an appeal from a final order.[56] Cole is before this Court not by statute, but "by dint of a contractual arrangement"—the PSA's forum selection clause.[57]

Still, Cole asserts the Ruling satisfies this factor because it raises a question about the constitutionality of the ancillary jurisdiction doctrine where it is applied without performing a minimum contacts analysis.[58] Cole asserts the United States District Court for the District of Delaware "rejected the argument . . . that ancillary jurisdiction does not require a full due process analysis," and urges the Delaware Supreme Court to do the same.[59] In *Whirlpool Corp. v. Cabri*, the District of Delaware found it lacked personal jurisdiction over a defendant because the ancillary claims were not sufficiently related to the anchor claims.[60] Along the way, it quoted *Capital Group* in describing the "discretionary exercise of ancillary jurisdiction" as "dependent on 'the substantive due process rights of the parties' remaining unaffected."[61]

*Whirlpool* is consistent with Delaware law on ancillary jurisdiction. *Cantor Fitzgerald* and *Capital Group* use the term "substantive due process" to refer to

---

[56] Supr. Ct. R. 42(b)(iii)(C).

[57] *BAM Int'l, LLC v. MSBA Grp. Inc.*, 2021 WL 5905878, at *6 (Del. Ch. Dec. 14, 2021); *see Nat'l Indus. Grp. (Hldg.) v. Carlyle Inv. Mgmt. L.L.C.*, 67 A.3d 373, 381 (Del. 2013) ("Where the parties to the forum selection clause have consented freely and knowingly to the court's exercise of jurisdiction, the clause is sufficient to confer personal jurisdiction on a court." (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964)); *accord Solae, LLC v. Hershey Can., Inc.*, 557 F. Supp. 2d 452, 456 (D. Del. 2008) (citing *Res. Ventures, Inc. v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1999)).

[58] App. ¶¶ 24, 26.

[59] *Id.* ¶ 29.

[60] 2022 WL 1421126, at *17 (D. Del. May 5, 2022).

[61] *Id.* (quoting *Cap. Grp.*, 2004 WL 2521295, at *4).

substantive prejudice.[62]   As *Cantor Fitzgerald* puts it, the ancillary jurisdiction inquiry examines "whether the defendants would be substantively or unfairly prejudiced by this Court's exercise of jurisdiction."[63]   Where the defendant does not argue that ancillary jurisdiction "would adversely affect the substance of the[] defense against [the subject] claim,"[64] and where the defendant is already subject to personal jurisdiction, the analysis is a practical balance of procedural unfairness against judicial economy and efficiency; if the latter prevail, the exercise of jurisdiction "comports with traditional notions of fair play and substantial justice."[65]

Cole consented to personal jurisdiction for some claims, and did not make any substantive prejudice argument.[66] So the constitutional inquiry boils down to a

---

[62] *Cantor Fitzgerald*, 1999 WL 1022065, at *2, *4 ("The defendants do not challenge personal jurisdiction by asserting deprivation of substantive due process rights. Defendants do not argue that the adjudication of the tort claim in this Court would adversely affect the substance of their defense . . . . Instead, they argue procedural propriety.  Since they, concededly, will not be substantively prejudiced, and have asserted only a procedural argument, I must evaluate whether any procedural deficiency outweighs the interests of judicial economy and efficiency of effort."); *Cap. Grp.*, 2004 WL 2521295, at *4.

[63] *Cantor Fitzgerald*, 1999 WL 1022065, at *4.

[64] *Id.*

[65] *Id.* (internal quotation marks omitted); *Cap. Grp.*, 2004 WL 2521295, at *4–5; *Jung*, 2022 WL 16557663, at *12; *Pacira BioSciences*, 2021 WL 4949179, at *22.

[66]     Neither Cole nor Sellers argued for dismissal on the grounds that the exercise of ancillary jurisdiction would substantively prejudice them.  Cole devoted one paragraph to explaining broadly that "[c]ourts are chary about exercising ancillary jurisdiction to a forum-selection clause because the court is effectively rewriting the clause," and that Plaintiffs failed to address minimum contacts.  *See* D.I. 57 at 7.  Sellers likewise devoted one paragraph to explaining broadly that "Plaintiffs' position on the prejudice of ancillary jurisdiction has no intelligible limiting principle."  *See* D.I. 58 at 14–15.  I read those arguments as doctrinal concerns, rather than assertions of substantive prejudice.

Cole's Application asserts, belatedly and for the first time, that litigating the fiduciary claims in Delaware rather than Georgia "may have already hampered" Cole's ability to rely on the *Bangor Punta* doctrine as a defense.  App. ¶ 16; *see* 417 U.S. 703,

straightforward balancing of procedural prejudice against judicial economy.[67]

The Ruling does not speak to the constitutionality, construction, or application of a Delaware statute. This factor weighs against certifying the interlocutory appeal.

**Rule 42(b)(iii)(D)**. The Ruling sustains the controverted jurisdiction of the trial court.[68] This factor weighs in favor of certifying the interlocutory appeal.

**Rule 42(b)(iii)(E)**. The Ruling does not reverse or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and review of the interlocutory order will not terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice.[69] This factor weighs against certifying the interlocutory appeal.

**Rule 42(b)(iii)(F)**. The Ruling does not vacate or open a judgment of the

---

710 (1974). This was not raised in Cole's and Sellers' motion briefing, so it cannot be considered on appeal. Supr. Ct. R. 8; *see also Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Est. Fund*, 68 A.3d 665, 678 (Del. 2013). And in any case, as the Ruling explained on their Rule 12(b)(6) motions, Cole and Sellers themselves argued Georgia would look to Delaware law on the *Bangor Punta* doctrine; no Georgia court has recognized the doctrine in its modern form; and it plainly does not apply to these facts. *See* Tr. at 38.

In the absence of substantive prejudice, the Ruling followed *Continental Automotive Systems* to conclude Cole would not suffer undue procedural prejudice from litigating the fiduciary claims in this Court, given Cole "will continue to be party to this litigation" in connection with the fraud and contract claims. Tr. at 10 (quoting 2023 WL 1370523, at *22). The Ruling noted the fiduciary claims "will require litigating some of the same facts and rely on some of the same discovery," and that "[a]djudicating all of those issues before a single court [would] not impose any burdens apart from those [Cole] already agreed to shoulder when [he] consented to this Court's jurisdiction" over the fraud and contract claims. Tr. at 10–11.

[67] *Cantor Fitzgerald*, 1999 WL 1022065, at *4.

[68] Supr. Ct. R. 42(b)(iii)(D).

[69] *Id.* 42(b)(iii)(E).

trial court.[70]  This factor weighs against certifying the interlocutory appeal.

**Rule 42(b)(iii)(G)**.  Review of the Ruling will not terminate the litigation.[71]  No matter the outcome of interlocutory review, Cole will continue to litigate the fraud claims and contract claims in this Court, as will Sellers.  This element weighs against certifying the interlocutory appeal.[72]

**Rule 42(b)(iii)(H)**.  Considerations of justice will not be served by an interlocutory appeal.[73]  Cole contends "[f]orcing Cole to litigate claims in Delaware he never agreed to litigate here constitutes irreparable harm."[74]  For that proposition, he cites only to cases holding that requiring parties to arbitrate nonarbitrable claims poses a threat of irreparable injury.[75]  That analogy is strained.  Cole agreed to litigate claims based on the same facts here in Delaware.  The Ruling's application of the ancillary jurisdiction doctrine to his fiduciary claims considered whether doing so was prejudicially unfair.[76]  That prejudice is low, and therefore properly cedes to "the desire of our courts to achieve judicial economy and avoid duplicative efforts among courts in resolving disputes."[77]  This factor

---

[70] *Id.* 42(b)(iii)(F).

[71] *Id.* 42(b)(iii)(G).

[72] *See Garcia*, 2022 WL 11121788, at *2 (affirming the denial of certification of interlocutory appeal where "the litigation would continue against [one defendant] regardless of the outcome of [the other defendant's] interlocutory appeal"); *Twin City Fire Ins. Co.*, 2020 WL 7861340, at *1 (affirming the denial of certification of interlocutory appeal where "a successful interlocutory appeal would not necessarily terminate the litigation in its entirety, because numerous other [individuals] would remain as defendants in the action, even if the Appellant[s] [] were not subject to personal jurisdiction").

[73] Supr. Ct. R. 42(b)(iii)(H).

[74] App. ¶ 31.

[75] *Id.* (citing *Chemours Co. v. DowDuPont Inc.*, 2019 WL 6973877, at *1 (Del. Ch. Dec. 19, 2019) (ORDER), and *Parfi Hldg. AB v. Mirror Image Internet, Inc.*, 842 A.2d 1245, 1259 (Del. Ch. 2004)).

[76] Tr. at 10–11.

[77] *Cantor Fitzgerald*, 1999 WL 1022065, at *4.

does not support certifying the interlocutory appeal.

Considering all the Supreme Court Rule 42(b)(iii) factors, I believe the balance weighs against certifying the interlocutory appeal. I recommend against certification.

## III. CONCLUSION

For the foregoing reasons, I recommend against Cole's Application. To the extent an order is required to implement this decision, **IT IS SO ORDERED**.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*