# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TFI TUTTI LLC, WOO YONG CHOI, )
and FLORIS TUTTI INTERNATIONAL, )
INC., )
  )
  )
Plaintiffs, )
v. ) **C.A. No. N23C-03-122 PRW**
) **CCLD**
  )
SONO AMERICA, INC. and SONO ) **REF: C.A. NO. 2024-1118-PRW**
INTERNATIONAL CO., LTD.,  )
Defendants, )
v. )
  )
and DAEMYUNG TUTTI, LLC, )
Nominal Defendant. )

Submitted: February 6, 2026
Decided: February 27, 2026

*Upon Defendant Sono International Co.'s*
*Application for Certification of Interlocutory Appeal,*
**DENIED**.

## **ORDER**

This 27th day of February, 2026, upon consideration of Defendant Sono International Co., LTD's application[1] under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court dated December 19, 2025, it appears to the Court that:

---

[1] Defendant Sono International timely filed its application for certification of interlocutory appeal on January 12, 2026. *See* Def.'s Appl. (D.I. 68).

(1) Defendant Sono International is a Korean entity.[2] Plaintiff Woo Young Choi is an experienced businessman who has operated multiple successful businesses throughout the United States.[3] According to the operative pleading, Sono International sought out Mr. Choi in connection with its efforts to enter the U.S. market.[4]

(2) The parties agreed that Mr. Choi and his company, TFI Tutti LLC ("TFI Tutti"), would deploy their industry relationships and real estate contacts to advance that expansion, while Sono International—acting through its subsidiary, Sono America, Inc. ("Sono America")—would supply the necessary capital.[5] In 2016, that arrangement was reduced to writing through the formation of Daemyung Tutti, LLC, a Delaware limited liability company (the "Joint Venture Company"), and the execution of a Joint Venture Agreement (the "JVA") between TFI Tutti and Sono America.[6] The JVA contains a mandatory forum-selection clause requiring that any action arising under it be brought exclusively in state or federal court in Wilmington,

---

[2] *Id*. Given this application addresses a Civil Rule 12(b)(2) decision, the following facts and history are drawn from the Plaintiffs' Second Amended Complaint and other appropriate record materials. *See Green America Recycling, LLC v. Clean Earth, Inc.*, 2021 WL 2211696, at *3 (Del. Super. Ct. June 1, 2021) (in deciding a motion to dismiss for lack of personal jurisdiction, "the Court is not limited to the pleadings and can consider affidavits, briefs of the parties, and the record as a whole") (cleaned up).

[3] 2nd Amend. Compl., ¶ 8 (D.I. 33).

[4] *Id.* at ¶¶ 12, 41−62.

[5] *Id.* at ¶¶ 41−70.

[6] Compl., Ex. A (D.I. 1) [hereinafter "JVA"].

Delaware.[7]

(3)     The procedural path of this ensuing dispute has been less direct. Despite the JVA's Delaware forum clause, Plaintiffs first filed suit in New Jersey in 2022 against both Sono America and Sono International, asserting claims stemming from the failed joint venture.[8]  The New Jersey action was voluntarily dismissed in July 2025 citing the proceedings happening in Delaware.[9]

(4)     Plaintiffs commenced this litigation in Delaware in 2023, only bringing claims against Sono America.[10]  Plaintiffs' initial Delaware complaint asserted a range of claims, including breach of the JVA, fraud and misrepresentation, conversion, tortious interference, breach of the implied covenant of good faith and fair dealing, and certain equitable theories.[11]  Sono America moved to dismiss the non-breach-of-contract claims, and the Court granted that motion, narrowing the case to only a breach-of-contract dispute between Sono America and Plaintiffs.[12]

(5)     Plaintiffs then filed a Second Amended Complaint bringing in Sono

---

[7]   JVA, Art. VI.N.2 ("Consent to Exclusive Jurisdiction").

[8]   D.I. 55 (Letter from counsel updating this Court on the New Jersey proceedings and providing a copy of the Stipulation of Voluntary Dismissal Without Prejudice filed in that same New Jersey action on July 22, 2025).

[9]   *Id.*

[10]   Compl. (D.I. 1). It should be noted that Daemyung Tutti LLC—the Joint Venture Company—was also listed as, and still is, a nominal defendant. *Id.*; *see also* 2nd Amend. Compl.

[11]   *See generally* Compl.

[12]   D.I. 24.

International as a defendant.[13] The amended pleading continued to assert breach of contract against Sono America and sought to impose liability on Sono International under equitable theories, including veil-piercing and alter ego.[14] Throughout this litigation—wherever it has gone—Sono America and Sono International have appeared through the same counsel and as a general course jointly responded to the pleadings and engaged in motion practice. But only Sono International has contested this Court's personal jurisdiction;[15] Sono America does not dispute that it is properly before this Court.

(6) Sono International moved to have itself dismissed from any claims in the Second Amended Complaint.[16] Among arguments when doing so, it invoked Court Civil Rule 12(b)(2), insisting that this Court lacks personal jurisdiction over it.[17] By prior order, the Court granted that motion and dismissed the claims against Sono International.[18] Plaintiffs timely moved for reargument under Rule 59, contending that the Court had misapprehended both the governing legal principles and the factual allegations bearing on personal jurisdiction.[19] In its initial ruling, the

---

[13] *See generally* 2nd Amend. Compl.

[14] *See generally id*.

[15] *See* Sono Int'l's Motion to Dismiss (D.I. 44).

[16] *Id.*

[17] *See generally* Sono Int'l's Op. Br. in Support of Motion to Dismiss (D.I. 44)

[18] D.I. 56.

[19] *See generally* Plaintiffs' Motion for Reargument (D.I. 57).

Court reached the conclusion that Plaintiffs had not established a *prima facie* basis for exercising personal jurisdiction over Sono International, although Plaintiffs had adequately met their elements burden for alter ego.[20] Upon reargument, however, and after further consideration of the alter-ego allegations and the necessary long-arm analysis, the Court withdrew its earlier dismissal order and denied Sono International's Rule 12(b)(2) motion.[21]

(7) Sono International then filed its application for certification of an interlocutory appeal of the Court's refusal to grant it Rule 12(b)(2) dismissal for lack of personal jurisdiction.[22] In Sono International's view, the Court's refusal to dismiss for lack of personal jurisdiction is of material importance and immediate review is warranted to avoid the burdens of its continued litigation here and to address this issue for the many others it says will now be similarly situated.[23]

(8) Supreme Court Rule 42 governs interlocutory appeals from this Court's orders.[24] Accordingly, the Court considers Sono International's application under Rule 42's rigorous standards.[25]

---

[20] *See generally* D.I. 56.

[21] *TFI Tutti LLC v. Sono America, Inc.*, 2025 WL 3688737 (Del. Super. Ct. Dec. 19, 2025) (D.I. 64).

[22] D.I. 68.

[23] Def.'s Appl. at 11-12.

[24] *DiSabatino Bros., Inc. v. Wortman,* 453 A.2d 102, 103 (Del. 1982).

[25] *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing DONALD J. WOLFE, JR. & MICHAEL A. PITTENGER, CORPORATE AND

(9)     Under Rule 42, when faced with a litigant's request for certification of an interlocutory appeal, this Court must:  (a) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits appellate review before a final judgment;"[26] (b) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[27] (c) consider the Court's own assessment of the most efficient and just schedule to resolve the case; and then, (d) identify whether and why the likely benefits of interlocutory review outweigh the probable

---

COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")); *JB and Margaret Blaugrand Foundation v. Guggenheim Funds Investment Advisors, LLC*, 2023 WL 2562933, at *3 (Del. Ch. Mar. 17, 2023) ("[A] Rule 42 application cannot be certified unless it clears two 'rigorous' hurdles.").

[26]   Del. Supr. Ct. R. 42(b)(i).

[27]   Those factors are:

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
>
> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
>
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
>
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
>
> (G) Review of the interlocutory order may terminate the litigation; or
>
> (H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

costs, such that interlocutory review is in the interests of justice.[28] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[29] Applications for certification of an interlocutory appeal require the exercise of the trial court's discretion and are granted only in extraordinary or exceptional circumstances.[30]

(10) The first consideration—whether the order seeking certification decides a substantial issue of material importance that merits appellate review before a final judgment—is a threshold finding without which certification is inappropriate.[31] A substantial issue is usually understood as one that "decides a main question of law which relates to the merits of the case, and not to collateral matters."[32] Put another way, the Court's determination must decide a legal right, "meaning an issue essential to the positions of the parties regarding the merits of the

---

[28] Del. Supr. Ct. R. 42(b). Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii).

[29] Del. Supr. Ct. R. 42(b).

[30] *In re Pure Res., Inc. S'holders Litig.*, 2002 WL 31357847, at *1 (Del. Ch. Oct. 9, 2002); *Mercury Pr's Mgmt., LLC v. Valo Health, Inc.*, 2024 WL 413784, at *3 (Del. Ch. Feb. 5, 2024), *appeal refused*, 2024 WL 1260957 (Del. Mar. 26, 2024) ("Applications for an interlocutory review are addressed to the sound discretion of th[e] Court and are accepted only in extraordinary circumstances.").

[31] *Traditions, L.P. v. Harmon*, 2020 WL 1646784, at *1 (Del. Apr. 2, 2020); *Invictus Special Situations Master I, L.P. v. Invictus Glob. Mgmt., LLC*, 2024 WL 5097929, at *3 (Del. Ch. Dec. 12, 2024).

[32] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008); *Invictus*, 2024 WL 5097929, at *3 (Del. Ch. Dec. 12, 2024) ("As commonly articulated, the substantial issue requirement is met when a decision speaks to the merits of the case.").

case."[33]

(11)    Sono International asks the Court to certify its December 19th ruling denying its dismissal motion based on a claimed lack of person jurisdiction.   But "an exercise of personal jurisdiction does not affect the merits of Plaintiffs' claims against [Sono International].  Nor does it decide the underlying issues in the case."[34] Indeed, our "Supreme Court has recognized this by repeatedly holding that a denial of a motion to dismiss for lack of personal jurisdiction does not establish a legal right or determine a substantial issue."[35]   Just so here.

(12)    And though Sono International suggests otherwise, this Court's pleading-stage personal jurisdiction analysis was an application of lines of well-settled law to a not-yet-addressed factual situation.  This, too, fails to meet Rule 42's

---

[33]    *TowerHill Wealth Mgmt., LLC v. Bander Fam. P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing *Sprint Nextel Corp.*, 2008 WL 2861717, at *1); *see Stewart v. Wilmington Tr. SP Svcs., Inc.*, 2015 WL 1898002, at *3 (Del. Ch. Apr. 27, 2015) ("[A] decision at the pleadings stage, which merely allows the case to proceed to trial, generally does not 'establish a legal right' between the parties." (citing *Levinson v. Conlon*, 385 A.2d 717, 720 (Del. 1978)).

[34]    *STI Grp. Holdco, LLC v. Anderson*, 2025 WL 3655165, at *3 (Del. Ch. Dec. 17, 2025) (cleaned up), *appeal refused*, 2026 WL 252617  (Del. Jan. 30, 2026).

[35]    *TowerHill Wealth Mgmt.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008); *see STI Grp. Holdco*, 2026 WL 252617 (Del. Jan. 30, 2026); *Garcia v. Franchi*, 2022 WL 11121788 (Del. Oct. 19, 2022); *Twin City Fire Ins. Co. v. Energy Transfer Equity, LP*, 2020 WL 7861340 (Del. Dec. 31, 2020); *Hitachi Koki Co., Ltd. v. Cardona*, 2019 WL 1716054 (Del. Apr. 16, 2019); *Curran Composites, Inc. v. Total Hldgs. USA, Inc.*, 2009 WL 4170395 (Del. Nov. 25, 2009). *But see In re Carvana Co. S'holders Litig.*, 2022 WL 4661841, at *1-2 (Del. Ch. Oct. 3, 2022) (observing that: "In practice, however, the Supreme Court has accepted interlocutory appeals of non-merits-based questions that implicate significant issues under Delaware law. . . [And] multiple decisions of the Delaware Supreme Court have granted interlocutory appeal of decisions concerning the exercise of personal jurisdiction over non-resident fiduciaries of Delaware entities."), *appeal refused sub nom Garcia v. Franchi*, 2022 WL 11121788 (Oct. 19, 2022).

threshold requirement.[36]

(13)   That could end the Court's analysis.   But an examination of the delineated Rule 42 factors further convinces the Court that certifying Sono International's application would be inappropriate.   Now, Sono International itself cites just one Rule 42(b) factor as weighing in favor of certification.[37]   The single factor that Sono International points to, however, doesn't truly weigh in its favor.

(14)   Interlocutory appellate review will not serve considerations of justice as Sono International frames it.[38]   Based on the pleading record before the Court on this 12(b)(2) motion, Sono International has controlled all aspects of this years-long multi-jurisdictional litigation for its alleged shell Sono America.   That will not change.   And Sono International's dire warning of unfairly exposing others like it to litigation here is unpersuasive.   As the Court explained in its decision, "Delaware emphasizes that veil-piercing is rare and cannot be used to pull every parent company into its courts simply because its subsidiary signed a contract here—the doctrine is confined to exceptional situations where corporate separateness has been

---

[36]   *See In re Carvana Co. S'holders Litig.*, 2022 WL 4661841, at *3 ("The mere application of long-held precedent to new facts does not make an order worthy of appeal.").

[37]   *See* Def.'s Appl. at 11-12 (citing Del. Supr. Ct. R. 42(b)(iii)(H)).

[38]   *See id.* (suggesting its desired appeal would serve "considerations of justice" by giving Sono International "final clarity as to its legal rights and its obligation to participate in [the] litigation" and providing guidance to "all foreign parent companies" in like circumstances).

abused."[39]  The Court held merely that these Plaintiffs had: (a) met the reasonable conceivability burden they shouldered on their alter-ego theory at this point; as well as, (b) their extant burden of establishing a proper basis for the Court's exercise of jurisdiction over the nonresident Sono International.[40]

(15)    Engaging just some of the other salient Rule 42 factors that Sono International alludes to, but never incants:  the Court's ruling may have directly spoke on a question never squarely addressed,[41] but its decision is certainly not in *conflict* with other Delaware trial court decisions;[42] and immediate appeal might resolve whether Sono International's purported personal jurisdiction defect is real,[43] but it certainly will not end this litigation in its entirety.[44]

(16)    The Court must make "its own assessment of the most efficient and just schedule to resolve the case . . .[and] whether and why the likely benefits . . . outweigh the probable costs, such that interlocutory review is in the interests of

---

[39]   *TFI Tutti LLC*, 2025 WL 3688737, at *7.

[40]   *Id.* at *4-7. *See Green America Recycling*, 2021 WL 2211696, at *3 (explaining that to survive such a Rule 12(b)(2) challenge, a plaintiff need make a *prima facie* showing that jurisdiction exists, and all factual disputes and reasonable inferences are resolved in the plaintiff's favor).

[41]   *See* Del. Supr. Ct. R. 42(b)(iii)(A).

[42]   Del. Supr. Ct. R. 42(b)(iii)(B).  *See TFI Tutti LLC*, 2025 WL 3688737, at *6 n.72 (noting that the question posed "isn't the *same* question" addressed in *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745 (Del. Ch. Sept. 2, 2008)) (emphasis in original).

[43]   *See* Del. Supr. Ct. R. 42(b)(iii)(D).

[44]   Del. Supr. Ct. R. 42(b)(iii)(G).

justice."[45] On balance, the benefits of Sono International's proposed interlocutory review are outweighed by the probable costs. This dispute has been long-going and complicated. And, as best the Court can tell, Sono International will remain active therein whether named or controlling from behind the curtain.

(17) Our rules counsel that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[46] This case is not exceptional; the denial of Sono International's Rule 12(b)(2) motion was a bit longer in coming, but still relatively routine. For that reason, and those others mentioned, the Court cannot grant its certification of Sono International's proposed interlocutory appeal.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant Sono International's Application for Certification of Interlocutory Appeal is **DENIED**.

**SO ORDERED,**

/s/ *Paul R. Wallace*

_____
Paul R. Wallace, Judge

Original to Prothonotary

cc: All counsel via File & Serve

---

[45] *See* Del. Supr. Ct. R. 42(b)(iii)(D).

[46] Del. Supr. Ct. R. 42(b)(ii).